McBRIDE, Judge.
In January 1961, under executory process plaintiff had the Sheriff levy upon and sell an automobile of defendant on which it held a chattel mortgage to secure defendant’s note, and after such sale, there still remained a balance due on the note for which plaintiff sought to recover a personal judgment against defendant by suit herein filed on May 31, 1961. After said suit was filed, defendant was adjudicated a voluntary bankrupt. His schedules listed plaintiff as a creditor for the face amount of the note.
Notwithstanding the pendency' of the bankruptcy proceedings, plaintiff obtained a judgment against defendant for the deficiency on the note. Several days after the rendition thereof, defendant secured his discharge as a bankrupt.
Subsequently, under a writ of fieri facias issued on the judgment, garnishment proceedings were served upon American Cy-anamid Company, defendant’s employer.
Defendant now seeks in the proceeding before us to have the judgment declared a nullity on the ground that the same had been fraudulently entered during the pen-dency of the bankruptcy proceedings; defendant also sought an injunction against American Cyanamid Company enjoining it “from honoring said garnishment or making any further deductions from plaintiff’s wages.” On the day the rule nisi for the preliminary injunction was returnable, defendant filed a supplemental and amending petition setting forth his discharge as a bankrupt as a bar to the enforcement of the judgment and praying that plaintiff be restrained and enjoined from attempting to enforce the judgment in any manner whatsoever.
Plaintiff excepted to the original petition for nullity of the judgment on several grounds: (1) there was an insufficiency of citation because a petition for nullity of a judgment is a separate action and that citation thereon must be served on the defendant therein and not through counsel; (2) lis pendens; (3) that the discharge in bankruptcy, which is a special defense, was not pleaded; (4) no cause or right of action. These exceptions were overruled, and after hearing the matter on the rule nisi, the trial judge issued a preliminary injunction as prayed for and plaintiff has appealed.
A preliminary injunction is merely an interlocutory judgment or decree designed to preserve and maintain the existing status pending a hearing of the issues by the court on the merits of the controversy. We believe defendant has made out at least a prima facie case. The effect of the discharge on a judgment against the bankrupt based on a provable claim is the same as its effect on the claim itself unless the judgment is excepted from the operation of the discharge, which is not the case here. After being adjudicated a voluntary bankrupt, defendant chose not to seek an order staying plaintiff’s suit against him. However even though no stay was requested by the bankrupt before the rendition of the judgment, in a case where the judgment *243 was entered before the discharge defendant has the right seasonably to move to have process issued to enforce the judgment quashed. 8 C.J.S. Bankruptcy § 563, p. 1503.
There was no insufficiency of service. Citation was served personally upon the attorney of record for plaintiff, and such service suffices under the provisions of the LSA-Code of Civil Procedure. Art. 1312 thereof provides that except as otherwise provided, every pleading subsequent to the original petition shall be served on the adverse party as provided by Art. 1313 or Art. 1314. Art. 1313 makes provisions with respect to service of pleadings which require no appearance or answer. Art. 1314 provides for service of other pleadings and recites that service thereof shall be made by the Sheriff either on the adverse party or personally on the counsel of record of the adverse party.
The exception of lis pendens was correctly disposed of below. The defendant seeks an injunction to restrain further proceedings toward an execution of the judgment he claims is a nullity. Our attention has been called to no other proceeding in which the defendant is seeking the same relief. Under LSA-C.C.P. art. 531 to constitute lis pendens the suits must be “between the same parties * * * and having the same object.”
It is argued that the discharge in bankruptcy should have been urged as a special ground for annulling the judgment in accordance with Art. 1005, LSA-C.C.P. Defendant in his supplemental and amending petition does allege and urge his discharge. While it is true that the supplemental and amending petition was filed on the same day the rule nisi was returnable and there was never citation thereof, service was waived by the fact that the matter proceeded to a trial at which plaintiffs counsel was present and in which he participated, he making no objection to the lack of service.
The petition for injunctive relief to restrain the execution of the judgment clearly sets forth a right and cause of action therefor.
For the reasons assigned, the judgment appealed from is affirmed, and the matter is remanded to the Civil District Court for the Parish of Orleans there to be proceeded with in accordance with law; appellant is to pay the costs of this appeal, while the costs of the lower court are to await final determination of the matter.
Affirmed and remanded.