158 So.2d 419 (1963)
LOUISIANA MACHINERY COMPANY, Inc., Plaintiff-Appellant,
v.
Delos J. PASSMAN, Defendant-Appellee.
No. 997.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1963.
*420 Bass & Lawes, by Joseph E. Bass, Jr., Lake Charles, for plaintiff-appellant.
Charles C. Jaubert, Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
This is an appeal from the refusal of the lower court to permit the revival of a judgment.
On March 24, 1952, the defendant, Passman, filed a voluntary petition in bankruptcy and on that date was adjudicated a bankrupt. On March 26, 1952, suit was filed in the Fourteenth Judicial District Court of Louisiana in and for Calcasieu Parish by Louisiana Machinery Company, Inc., against Delos J. Passman, being the original action in this matter. On May 28, 1952, Louisiana Machinery Company, Inc. obtained a judgment by default against defendant, the present appellee. On July 29, 1952, the defendant was discharged in the bankruptcy proceedings.
In the bankruptcy proceedings plaintiff was listed as an unsecured creditor. The bankrupt claimed as exempt in his bankruptcy schedule his home, located in Calcasieu Parish, as a homestead under the Constitution and laws of Louisiana, and this homestead was recognized as exempt in the bankruptcy proceedings. Louisiana Machinery Company, Inc. did not file any proof of claim in the bankruptcy proceedings and made no appearance therein.
On May 18, 1962, an action was filed to revive the judgment that had been rendered on May 28, 1952. The judgment of May 28, 1952, was assigned to the present plaintiff-appellant. Appellee does not question the assignment.
The main contention made by counsel for appellant in brief and in this Court is that bankruptcy, like payment or compensation, is an affirmative defense which must be pleaded, and if not pleaded, it cannot be raised in a suit to revive a judgment.
Appellee answered the suit for revival of the original judgment setting as a bar to the revival of said judgment his discharge in bankruptcy. In brief filed before this Court, he did not appear in person, he alleged that, in addition to the ground set forth in his answer as a bar to the revival of the original judgment, the original judgment was null because the Trustee in Bankruptcy was a necessary party, and he had not been cited in the suit filed by the original plaintiff wherein the judgment of May 28, 1952, was rendered against defendant.
The lower court upheld the contention made by appellee that the discharge in bankruptcy rendered the judgment ineffective insofar as it granted the assignor of appellant a personal judgment against appellee, and that defendant showed good cause why it should not be revived in accordance with LSA-C.C.P. Article 2031.
11 U.S.C.A. § 35, provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part. There are certain exceptions made in this section which are not applicable to the instant case.
11 U.S.C.A. § 103, provides which debts may be provable.
8B C.J.S. Bankruptcy § 563, page 38, et seq., provides, in part:
"The effect of the discharge on a judgment against the bankrupt based on a *421 provable claim is the same as its effect on the claim itself. If the judgment is on a claim not excepted from the operation of the discharge, the discharge will bar personal enforcement of the judgment against the bankrupt, or against any property of the bankrupt on which it was not a lien.
"In determining whether or not a provable debt of the bankrupt is dischargeable in bankruptcy, the reduction of such liability to a judgment does not change its nature or character. Accordingly, the discharge operates to relieve the bankrupt of personal liability on all judgments recovered against him based on provable obligations not excepted from the operation of the discharge, * * * *."
At the time the assignor of appellant obtained the judgment in the instant case, appellee had been adjudicated a bankrupt by the bankruptcy court, and upon receiving a discharge in bankruptcy, appellee was released from all provable debts and claims against him personally; and, the discharge in bankruptcy related back to the date of adjudication, which was before judgment was entered in this case. Accordingly, the original judgment entered in the instant case was of no force and effect as to any personal liability against the bankrupt or his estate.
LSA-C.C.P. Article 1005, dealing with affirmative defenses, provides:
"The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation."
In the recent case of League Central Credit Union v. Warman, (La.App., 4 Cir., 1962), 143 So.2d 241, plaintiff made the same argument as made by counsel in the instant case, that a discharge in bankruptcy should have been urged as a special ground for annulling the judgment in accordance with LSA-C.C.P. Article 1005. The court in that case disposed of said contention by stating that defendant, in his supplemental and amended petition, did allege and urge his discharge.
The facts in the League Central Credit Union case, supra, are similar to the facts in the instant case, except in that case, the suit was filed before defendant was adjudicated a bankrupt. In the instant case the suit was filed after appellee was adjudicated a bankrupt. Hence, it was not necessary that the bankrupt answer such a suit and plead therein the defense of adjudication in bankruptcy. It was only necessary that he plead his discharge whenever such judgment was sought to be personally enforced against him.
LSA-C.C.P. Article 2031 provides the following:
"A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
"The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
"A judgment shall be rendered in such a proceeding reviving the original judgment, *422 unless the defendant shows good cause why it should not be revived."
This Court is of the opinion that when appellee stated in his answer that the original judgment in the instant case was null and void because he had obtained a discharge in bankruptcy, it was an affirmative defense to the action, and appellee showed good cause why it should not be revived as provided by LSA-C.C.P. Article 2031.
Appellant also contends that since appellee claimed his homestead exemption in the bankruptcy proceedings, the judgment should be allowed in rem against said property claimed as a homestead. In support of his position, he cites Jaubert Bros. v. Landry, (La.App., 1 Cir., 1943), 15 So.2d 158. However, that case is distinguishable from the instant case in that judgment in that case had been obtained nearly ten years prior to the institution of the bankruptcy proceedings. The court correctly held that the effect of a discharge in bankruptcy had the effect of discharging the bankrupt from personal liability, but it did not destroy a judicial mortgage on immovable property owned by the bankrupt before the bankruptcy proceedings were instituted and the property was set apart as a homestead. Here, judgment was not obtained until after the institution of bankruptcy proceedings, and subsequently there was no judicial mortgage, or secured debt, outstanding at the time of adjudication which remained in effect after a discharge in bankruptcy.
Since this Court is of the opinion that because of the discharge in bankruptcy, the judgment entered by plaintiff is of no effect personally against the bankrupt, appellee, it is not necessary to discuss appellee's contention that the judgment was null because the Trustee in Bankruptcy was not cited in the original proceedings.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.