187 So.2d 778 (1966)
HOME FINANCE SERVICE WASHINGTON PARISH, INC.
v.
Corbett L. TAYLOR and Mataree Taylor.
No. 6679.
Court of Appeal of Louisiana, First Circuit.
June 13, 1966.
Donald H. Lee, of Seal & Lee, Bogalusa, for appellant.
Don M. Arata, of Richardson & Gallaspy, Bogalusa, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.[*]
LANDRY, Judge.
This appeal by defendants, Corbett L. and Mataree Taylor, presents a single question of law, namely, whether a creditor may obtain execution upon a judgment rendered in an action instituted subsequent to the debtor's discharge in bankruptcy and in which the bankrupt failed to plead his discharge as an affirmative defense.
The facts of the instant case are not in dispute and may be narrated in chronological order as follows: On June 24, 1960, defendants jointly executed in favor of plaintiff a promissory note in the sum of $795.00 payable in regular monthly installments of $33.15 each, bearing interest at 8% per annum from date, until paid. Payments were made on the obligation until July 16, 1962, leaving a balance due in the sum of $568.88. Defendants filed petitions in voluntary bankruptcy on July *779 17, 1962, on which date they were adjudicated bankrupts. The provable debts listed by appellants in their bankruptcy proceeding included the balance of $568.88 due plaintiff on the hereinabove described note. Appellants received their discharge in bankruptcy on November 19, 1962, and one year later on November 19, 1963, plaintiff filed suit seeking judgment for the unpaid balance of the obligation. Judgment was rendered in plaintiff's favor by default on January 6, 1964, defendants having made no appearance and offered no defense to the action on the note. Subsequently, garnishment proceedings were obtained by plaintiff against defendants' employer to which defendants filed answer urging the discharge in bankruptcy as a defense.
Succinctly stated, defendant's position is that a discharge in bankruptcy may be pleaded at any time prior to execution of a judgment personally against the bankrupt. In support of this contention learned counsel for appellants argues that a discharge in bankruptcy relieves a bankrupt of all his provable debts with certain exceptions not gername to the case at bar. 11 U.S. C.A. §35. On this basis it is contended that the discharge relieved defendants of all personal liability for the debt on authority of Louisiana Machinery Company v. Passman, La.App., 158 So.2d 419, and League Central Credit Union v. Warman, La.App., 143 So.2d 241, and that defendants are entitled to plead the discharge in bar of execution of the judgment notwithstanding their failure to plead their release in the suit in which plaintiff obtained the judgment in question. In this connection counsel for appellants relies upon the following language appearing in Louisiana Machinery Company v. Passman, supra:
"8B C.J.S. Bankruptcy §563, page 38, et seq., provides, in part:
`The effect of the discharge on a judgment against the bankrupt based on a provable claim is the same as its effect on the claim itself. If the judgment is on a claim not excepted from the operation of the discharge, the discharge will bar personal enforcement of the judgment against the bankrupt, or against any property of the bankrupt on which it was not a lien.
`In determining whether or not a provable debt of the bankrupt is dischargeable in bankruptcy, the reduction of such liability to a judgment does not change its nature or character. Accordingly, the discharge operates to relieve the bankrupt of personal liability on all judgments recovered against him based on provable obligations not excepted from the operation of the discharge, * * *.'"
In so arguing counsel for appellants has fallen into error. Admittedly, it is settled law that the effect of a discharge upon a judgment against the bankrupt based on a provable debt is the same as its effect on the claim itself, see 8B C.J.S. Bankruptcy §563, page 38, et seq. and the Passman case, supra. What counsel overlooks, however, is the fact that the rule in question applies only to judgments obtained against the bankrupt during pendency of the bankruptcy proceedings. In such instances the discharge is held to relate back to the date of adjudication, which is before judgment thereby rendering the judgment null as against the bankrupt personally. Louisiana Machinery Company v. Passman, supra. We note that in the Passman case, supra, the judgment sought to be revived was rendered between adjudication and discharge of the bankrupt. Under such circumstances the bankrupt could not plead his discharge since it had not yet occurred. He could, however, have applied for a stay in the state court proceedings during pendency of the bankruptcy proceedings. See Gumina v. Dupas, La. App., 178 So.2d 291, and cases therein cited. Had he obtained a stay order, he could have, after discharge, urged the discharge in bar of the pending state action.
*780 The applicable rule is stated in Vol. 8A, C.J.S. Bankruptcy §490, page 1007, as follows:
"Bankruptcy Act §63(a) (5), 11 U.S. C.A. §103(a) (5), has been said to indicate that all proceedings in other judicial or administrative tribunals are not frozen by an adjudication in bankruptcy and that neither courts nor administrative tribunals are required in actions in personam to take judicial notice of bankruptcy proceedings. So the filing of a petition in bankruptcy does not prevent the commencement of an action against the bankrupt, although it is subject to being stayed, as discussed infra § 491a. Notwithstanding some authority to the contrary, it is generally considered that a state court is not without jurisdiction of an action against the bankrupt during the pendency of the bankruptcy proceedings; such proceedings do not deprive a state court of jurisdiction of a pending action or prevent it from entertaining jurisdiction of a new action. Prior proceedings in a pending action in a state court are not superseded by an adjudication of bankruptcy; and, where no stay is granted, the action may be further prosecuted and proceeded with, and the debtor may be compelled to observe and to obey all orders of the state court lawfully made. However, after adjudication of bankruptcy, a creditor continues legal proceedings against the bankrupt at his peril.
To avail himself of the privileges of the Bankruptcy Act, a bankrupt must take timely and appropriate action in any cause pending against him in a state court."
The necessity for the discharged bankrupt to interpose the defense of discharge to an action brought subsequent to discharge is set forth in Vol. 8B, C.J.S. Bankruptcy § 584, page 138, in which the following appears:
"Since a discharge in bankruptcy is a good defense to a dischargeable claim, it may be pleaded in defense to an action thereon, and, when properly pleaded, the discharge constitutes a prima facie defense. Inasmuch as the right to plead the defense of a discharge in bankrupty was created by law on behalf of insolvent debtors as a matter of public policy, no odium attends the pleading of the defense.
As a rule, since a discharge in bankruptcy does not automatically relieve the bankrupt from liability, the defense is not available to the bankrupt unless he pleads it. Also, a discharge is not available unless it is pleaded in some proper manner and seasonably.
While there is authority to the effect that the bar of a discharge is not restricted to those instances in which the bankrupt has not waived his right to plead it, it has also been held that since the defense is personal to the bankrupt, as discussed supra §559a, he may lose or waive his right to avail himself of the defense by failing to plead it, in the absence of a legal reason or excuse for such failure on his part. Accordingly, the bankrupt may lose or waive his right to plead the defense by an unreasonable delay on his part to the creditor's prejudice or by his answering without setting it up.
Ordinarily, if the debtor fails to interpose his discharge as a defense before judgment, he is bound by the judgment, and, in the absence of a statute providing otherwise, he is not entitled to have the judgment set aside or vacated in order that it may be interposed, nor can he obtain relief in equity against the judgment."
Our courts have from the earliest times followed the rule that the bankrupt must affirmatively plead the defense of discharge in an action instituted against him subsequent to his discharge, otherwise the effect of discharge is deemed waived. In Palmer v. Moore, 3 La.Ann. *781 208, which involved such a factual situation we note the following:
"The English rule appears to be settled that, a bankrupt who intends to avail himself of his certificate, will be required to plead it specially. 12 East Rep. p. 667. 1 Chitty's Pleading, p. 473. The necessity for pleading it under our system is equally imperative. The debtor, as has been correctly urged by the appellant's counsel, is not more completely relieved by the effect of his discharge in bankruptcy, than he would be by an actual payment, which entirely extinguishes the debt. Yet in order to avail himself of the payment as a defence, it must be specially pleaded before final judgment. For by our settled jurisprudence an injunction will not issue to arrest an execution on grounds that might have been pleaded in defence before judgment. (Beaumon v. Thomas) 1 Ann.Rep. 284. (Garlick v. Reece) 8 La. 101. The plaintiff having failed to plead his discharge in defence in the original suit, cannot now avail himself of it as a means of arresting the execution of the judgment against him."
The rule originally announced in the Palmer case, supra, was reiterated in Gumina v. Dupas, La.App., 178 So.2d 291, which involved facts identical to those in the Palmer case, supra. The Court, relying upon the prior jurisprudence, held a judgment obtained after discharge was enforceable notwithstanding pendency of the suit during bankruptcy proceedings because the debtor failed to interpose the defense of bankruptcy which must be specially pleaded under the provisions of LSA-C.C.P. Article 1005.
The Passman case, supra, and League Central Credit Union v. Warman, 143 So. 2d 241, relied upon by counsel for appellants, are inapplicable considering both authorities involve judgments obtained by creditors during pendency of bankruptcy proceedings.
The case at bar falls squarely within that line of jurisprudence established in the Palmer and Dupas cases, supra. Bankruptcy being an affirmative defense which must be specially pleaded according to the terms of LSA-C.C.P. 1005, defendants having failed to timely urge such defense in an action instituted against them subsequent to their discharge in bankruptcy, are considered to have waived and relinquished same.
The trial court having properly disposed of the question presented, the judgment is affirmed at appellant's cost.
Affirmed.
NOTES
[*] Due to the death of ELLIS, J., before rendition, this opinion handed down unanimously by LOTTINGER, LANDRY, REID and BAILES, JJ.