BAILES, Judge.
This is an appeal by Aaron J. Carpenter from a judgment of the district court sustaining an exception of no cause of action filed by the defendant, X-L Finance Company, Inc., to the petition of plaintiff wherein the latter seeks to enjoin certain garnishment proceedings affecting the wages of plaintiff.
There is no dispute on the facts. On April 6, 1964, plaintiff was adjudged a bankrupt in the federal court, and defendant was listed as a secured creditor on the schedule filed therein. Previous to being adjudged a bankrupt, plaintiff had executed in favor of defendant a certain promissory note, secured by chattel mortgage on property of plaintiff, in the amount of $3,446. On June 19, 1964, because of nonpayment by plaintiff, defendant filed suit for collection of the note by executory process. The sale price of the property sold under the executory process was insufficient to pay off the entire indebtedness. On September 16, 1964, defendant instituted suit for deficiency judgment against plaintiff. On October 14, 1964, plaintiff was granted a discharge in bankruptcy, and on October 21, 1964, defendant confirmed a preliminary default and obtained judgment against plaintiff for the deficiency. For the first time and in this proceeding, plaintiff pleads his discharge in bankruptcy as an affirmative defense to the enforcement of the judgment rendered against him on October 21, 1964.
We find no error in the judgment of the district court. The plaintiff should have availed himself of the affirmative defense of discharge in bankruptcy in the proceeding wherein the deficiency judgment was obtained. By not availing himself of this defense in that proceeding, he has waited too long and cannot effectively plead it for the first time in this action.
Plaintiff, in his brief, relies on the case of Louisiana Machinery Co. v. Passman (La.App., 1963) 158 So.2d 419. This cited case is inapposite to the instant case. In the Louisiana Machinery Co. v. Passman case, the plaintiff sought to revive a judgment obtained on May 28, 1952. Defendant therein obtained his discharge in bankruptcy subsequent to the rendition of this judgment, i. e., on July 29, 1952. The de *158 fendant asserted his discharge in bankruptcy as a defense to the revival of the judgment. The court stated the defendant liad shown good cause why the judgment should not be revived.
Plaintiff also relies on the case of League Central Credit Union v. Warman (La.App., 1962) 143 So.2d 241 to support his contention that he is entitled to injunctive relief. The striking dissimilarity between the instant case and the League Central Credit Union v. Warman case is that the defend•ant therein obtained his discharge in bankruptcy several days after the rendition of the judgment the collection of which he Sought to enjoin. The court therein stated:
“(1-4) * * * After being adjudicated a voluntary bankrupt, defendant chose not to seek an order staying plaintiff’s suit against him. However even though no stay was requested by the bankrupt before the rendition of the judgment, in .a case where the judgment was entered before the discharge defendant has the right seasonably to move to have process issued to enforce the judgment quashed. •8 C.J.S. Bankruptcy § 563, p. 1503.”
Plaintiff also argues that since only ■seven days passed between the discharge •obtained by plaintiff and the confirmation ■of the preliminary default by defendant, he was denied a “full legal delay of fifteen (15) days in which to plead his discharge.” Plaintiff contends this constitutes an “ill practice” as contemplated by Article 2004 of the Louisiana Code of Civil Procedure. This is not a valid argument. The defendant was guilty of no ill practice in this respect. The plaintiff could have fully protected himself in the proceedings wherein the deficiency judgment was obtained had he obtained from the bankruptcy court an order staying that proceedings. Furthermore, plaintiff could have pleaded his discharge within the seven days between October 14, 1964 and October 21, 1964, had he been attentive to the protection of his rights.
The case of Gumina v. Dupas (La.App., 1965) 178 So.2d 291 is a case involving facts almost identical to the instant case. In Gumina v. Dupas, supra, the appellant, Dupas, was sued for a deficiency judgment on August 3, 1961. On September 15, 1961, Dupas filed a petition in bankruptcy, and he received his discharge in bankruptcy on December 18, 1961. On December 17, 1962, one year after the date of the discharge, final judgment was rendered against Dupas. Dupas never pleaded his discharge in defense of the action against him. In Gumma v. Dupas, supra, the court said:
“(2-4) We are of the opinion that appellant’s first contention, that the deficiency judgment should not have been rendered because of his proceeding and discharge in bankruptcy, is not well founded. A discharge in bankruptcy is neither payment nor an extinguishment of the debts discharged; it is simply a bar to their enforcement by legal proceedings. * * * Under LSA-C.C.P. Article 1005 the discharge is an affirmative defense which must be set forth in the answer. And where jurisdiction has been acquired by a state court before the filing of a petition in bankruptcy, the bankruptcy proceedings do not terminate an ordinary action to which the bankrupt is a party already pending in the state court or deprive that court of jurisdiction; the state court having jurisdiction of the action may proceed to judgment, despite the bankruptcy proceedings, unless the bankruptcy court exercises its power to issue a stay or restraining order. * *
There is no question in our minds, and we cannot find any case heretofore decided by any court which has questioned jurisdiction, that a state court is not divested of jurisdiction to hear and determine suits involving debts of a bankrupt, unless and until the bankruptcy court issues either a stay order or an injunction. See 11 U.S.C.A. § 29. Furthermore, by implication, the Bankruptcy Act itself contemplates *159 that state courts may, in the absence of stay orders or injunctions, determine the bankrupt’s liability for debt pending the bankruptcy proceedings. See 11 U.S.C.A. § 103(a) (5). Without the restriction imposed by a stay order or an injunction by the bankruptcy court on the application of the bankrupt, the state court has a right to proceed in a pending matter. See Lorino v. Charles Rowe Co. et al (La.App., 1950) 48 So.2d 103, and Pinsonat v. Skinner (La. App., 1960) 125 So.2d 216.
We find no cases, and we have been referred to none by counsel for either party, on the specific jurisdictional question which we raise in the instant case. The distinguishing fact in the instant case is that the petition in bankruptcy and the adjudication of the plaintiff a bankrupt was filed and adjudged (on April 6, 1964) prior to the time of the filing of the petition (on September 16, 1964) for deficiency judgment, however, the discharge was granted (on October 14, 1964) prior to the rendition (on October 21, 1964) of the deficiency judgment in favor of the defendant.
We see no reason why the filing, by the plaintiff, of the petition in bankruptcy antecedent to the filing of the petition in the state court by defendant for the deficiency judgment should divest the state court of jurisdiction, or alter the procedural requirement placed on plaintiff by LSA-C.C.P. Article 1005 to plead, as an affirmative defense, the discharge in bankruptcy granted prior to the judgment as a bar to the rendition of a judgment against him.
We believe that procedurally the plaintiff, when served with citation and a copy of the defendant’s petition wherein defendant was seeking to obtain the deficiency judgment against him, should have applied to the bankruptcy court for a stay order or an injunction against any further action in the state court, and failing to do this, the plaintiff, upon receiving his discharge prior to the rendition of the judgment against him, should have immediately pleaded his discharge of the debt as a bar to rendition of a deficiency judgment thereon.
As the plaintiff failed to plead his discharge in bankruptcy in the action against him to obtain a deficiency judgment prior to the rendition of the judgment, he is considered to have waived it See Home Finance Service Washington Parish v. Taylor (La.App., 1966) 187 So.2d 778.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff’s costs.
Affirmed.