SAVOY, Judge.
This matter is on appeal from an adverse judgment rendered against plaintiff in the district court.
The facts are not in controversy, and the only issue before this Court is a legal one.
Plaintiff filed a suit in the district court seeking an injunction against defendant to enjoin it from enforcing a judgment obtained by it against plaintiff in other litigation whereby defendant is seeking to garnish the wages of plaintiff who is working for a third party.
The injunction is based upon plaintiff’s discharge in bankruptcy granted by the United States District Court for the Western District of Louisiana on February 2, 1967.
In order to arrive at a determination of the issue, it is necessary to set out the events leading to the instant suit.
Suit was filed on November 15, 1966, by Beneficial Finance against Carroll Mabry and Ruby McElwee, in the Fifteenth Judicial District Court, bearing docket number 37,755, Parish of Lafayette, Louisiana. Service was made on defendants therein on November 16, 1966.
On December 1, 1966, Mabry and his wife filed for bankruptcy in the United States District Court for the Western District of Louisiana, and on that date Mabry was adjudicated a bankrupt. A preliminary default was entered on the petition filed on November 15, 1966, the default having been entered on December 5, 1966, and the default was confirmed into a judgment on December 8, 1966. On February 2, 1967, Carroll Mabry was granted a discharge in bankruptcy by the bankruptcy court.
Counsel for plaintiff cites as his authority for his position the case of Louisiana *193 Machinery Company v. Passman, 158 So.2d 419 (La.App. 3 Cir. 1963).
The district court, in deciding the case adversely to plaintiff, relied on Gumina v. Dupas, 178 So.2d 291 (La.App. 4 Cir. 1965) (cert. den.), and Home Finance Service Washington Parish, Inc. v. Taylor, 187 So. 2d 778 (La.App. 1 Cir. 1966). We do not find these cases to be in conflict. They were decided on different factual issues.
In the Home Finance case, supra, Judge Landry distinguished that case from the Passman case, supra, on the basis that in the Passman case the judgment obtained by the creditor was obtained during bankruptcy proceedings; whereas in the Home Finance case, supra, judgment was not obtained during the bankruptcy proceedings.
We are of the opinion the present case is governed by the rule of law enunciated in the Passman case, supra.
The discharge in bankruptcy related back to the adjudication in bankruptcy which occurred on December 1, 1966, whereas the judgment was not rendered in favor of Beneficial Finance and against Mabry until December 8, 1966.
In the Passman case, supra, we stated: “In the recent case of League Central Credit Union v. Warman, (La.App., 4 Cir., 1962), 143 So.2d 241, plaintiff made the same argument as made by counsel in the instant case, that a discharge in bankruptcy should have been urged as a special ground for annulling the judgement in accordance with LSA-C.C.P. Article 1005. The court in that case disposed of said contention by stating that defendant, in his supplemental and amended petition, did allege and urge his discharge.
“The facts in the League Central Credit Union case, supra, are similar to the facts in the instant case, except in that case, the suit was filed before defendant was adjudicated a bankrupt. In the instant case the suit was filed after appellee was adjudicated a bankrupt. Hence, it was not necessary that the bankrupt answer such a suit and plead therein the defense of adjudication in bankruptcy. It was only necessary that he plead his discharge whenever such judgment was sought to be personally enforced against him.”
In the instant case plaintiff set out an affirmative defense as permitted by LSA-C.C.P. 1005 in that he set forth his discharge when an attempt was made to garnish his wages. This was a proper defense and was timely made. We are of the opinion that the trial judge was in error in not granting the injunction prayed for by plaintiff.
For the reasons assigned the judgment of the district court is reversed, and the case is remanded to the district court; the district court being directed hereby to grant plaintiff a permanent injunction enjoining Beneficial Finance Company of Louisiana from executing the judgment in question by garnishment or otherwise.
Defendant to pay all costs in the trial court and on appeal.
Reversed and remanded.