SAVOY, Judge.
This is a suit brought by plaintiff-appellee against defendant-appellant seeking a temporary restraining order and an injunction against the present defendant to annul and enjoin the execution of a final judgment obtained by defendant against plaintiff in a suit entitled, “X-L Finance Company, Inc. v. E. L. Bordelon”, docket number 34,129, 15th Judicial District Court, Parish of Lafayette, Louisiana, alleging fraud or ill practices in obtaining said judgment.
The facts in this case are that on October 1, 1964, plaintiff executed a promissory note in favor of the present defendant. One payment was made on the note. A petition in bankruptcy was filed by appel-lee on February 10, 1965, and the indebtedness due defendant was listed in the bankruptcy proceedings. Appellee was granted a discharge in bankruptcy on April 1, 1965.
On April 6, 1965, appellant filed suit in district court in Lafayette Parish, Louisiana, against appellee herein seeking to enforce the obligation dated October 1, 1964. After service was made on appellee, he employed an attorney who failed to file an answer to the suit. A default judgment was entered against appellee, and a writ of garnishment was served on his employer. This suit followed.
*655 The district judge annulled the judgment rendered in suit 34,129. Defendant appealed.
In arriving at his decision the district judge relied on the case of Mabry v. Beneficial Finance Company of Louisiana, 215 So.2d 192 (La.App. 3 Cir. 1968), decided by this Court. The Mabry case, supra, is not apposite to the instant case. In that case Mabry had obtained a discharge in bankruptcy and listed Beneficial as a creditor. Between the time of adjudication and discharge in bankruptcy, Beneficial secured a judgment, and after discharge attempted to garnish Mabry’s wages. Mabry set up the discharge as an affirmative defense as provided for by LSA-C.C.P. Article 1005. This Court held that this was proper and enjoined Beneficial from executing on the judgment in any manner. In deciding Mabry, we followed our decision in Louisiana Machinery Company v. Passman, 158 So.2d 419 (La.App. 3 Cir. 1963).
Counsel for appellee has cited in his supplemental brief the case of Mack Trucks, Inc. v. Martens, 192 So.2d 879 (La.App. 4 Cir. 1966), for the proposition that equitable relief will be granted against judgments where adherence to those judgments would be manifestly unjust. He has also cited Succession of Gilmore, 157 La. 130, 102 So. 94, which holds that the courts of this state will grant relief as to judgments entered against parties, irrespective of an issue of inattention or neglect, when the circumstances under which the judgment was obtained show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable.
In the Mack Trucks Case, supra, Mack sued Martens on a note for a deficiency judgment in the sum of $8,579.49, after the truck for which the note was given was seized and sold under executory process. Judgment was rendered in favor of Mack, and Martens appealed. The Court of Appeal affirmed the district court judgment. While the appeal was pending, Martens filed suit in the district court to annul the deficiency judgment. The district court annulled the deficiency judgment; Mack appealed. The Court of Appeal held that the judgment was not null, but was inoperative. After the suit for deficiency judgment was filed, Martens’ attorney filed an answer in the nature of a general denial. Martens then filed a petition in bankruptcy. A compromise agreement between Macks and Martens was reached, and Martens withdrew- his petition in bankruptcy. In accordance with the agreement, a deficiency judgment was prepared and was signed by attorneys for both parties. It was agreed that if $3,500.00, the agreed sum in the compromise, was paid by April 30, 1961, the judgment would be surrendered to Martens’ attorney; otherwise, it would be submitted to the court for signature and recordation. The payment was not made by the due date, but about a month later the principal sum agreed upon was paid in full. In the meantime counsel for Mack had the compromise judgment signed and filed without the knowledge of Martens or his attorney. Sometime later Mack Trucks’ attorney wrote to the attorney for Martens stating the compromise agreement was cancelled, and that his client expected Martens to pay the full amount of the deficiency judgment. In its opinion the Court of Appeal felt that Martens had been misled, and that the compromise agreement had inured to the benefit of both parties. The court stated that there were no grounds to annul the judgment for fraud or ill practice, for under the compromise agreement Mack had the right to submit the judgment upon noncompliance with the terms of the agreement. However, they held the contract enforceable because of facts of the case, and said it would be inequitable to enforce the judgment. The court cited with approval Succession of Gilmore, cited by counsel for appellee and cited herein. In that case petitioner and his brother, an attorney, had the will of their sister probated. Plaintiff depended on the advice of his brother in this probate. In the first will plaintiff and *656 his brother were each bequeathed one-half of the property owned by their sister. By subsequent will, plaintiff was bequeathed all of the property which his sister died possessed. Plaintiff sued to annul the first will. Judgment was granted to plaintiff ks prayed for. On appeal our State Supreme Court affirmed. The court invoked the equity principle that courts will not permit one party to take advantage of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a fiduciary relationship existed between them. We are of the opinion that on the facts involved, the above cases were correctly decided.
In the instant case we have a different factual situation.
The jurisprudence in this state is that a discharge in bankruptcy serves merely as a bar to the legal enforcement of obligations discharged in bankruptcy, and said discharge must be specially pleaded. Household Finance Corp. of Baton Rouge v. Lejeune, 205 So.2d 771 (La.App. 1 Cir. 1967); cert. denied 251 La. 941, 207 So.2d 541 (1968).
In the Household Finance case, supra, the court also held that plaintiff could not be charged with fraud in pursuing a legal authorized course of action.
In Earl v. Liberty Loan Corp. of West Monroe, Inc., 193 So.2d 280 (La.App. 2 Cir. 1967), the court held that a discharge in bankruptcy is a valid defense to the enforcement of the debt as a personal obligation, provided it is properly pled; but, it neither destroys the debt nor supplants the moral obligation to pay.
In conclusion, it is the opinion of this Court that no fraud, ill practice or equitable principles are applicable to the instant case, and the judgment of May 24, 1965, in the case of X-L Finance v. E. L. Bordelon, docket number 34,129, 15th Judicial District, Parish of Lafayette, Louisiana, is valid and is hereby reinstated.
For the reasons assigned the judgment of the district court is reversed, and the injunction issued herein is recalled and vacated; and the judgment rendered in X-L Finance v. E. L. Bordelon, on May 24, 1965, docket number 34,129, 15th Judicial District, Parish of Lafayette, Louisiana, is reinstated and decreed to be valid.
Costs of the district court and of this appeal are taxed against appellee.
Reversed and rendered.