SWIFT, Judge.
This is an appeal by D. H. Holmes Co., Ltd., a judgment creditor of William C. O’Neill, from a judgment enjoining garnishment of the latter’s wages.
The facts of the case, as set out in a joint stipulation of the parties, are as follows: William C. O’Neill was adjudicated a bankrupt on August 2, 1967. The account due by him to appellant was listed as a debt in the schedule of liabilities. Appellant filed suit on the account on September 6, 1967. Shortly thereafter, appellant was notified of the first meeting of the creditors and of the adjudication in bankruptcy. In November, 1967, appellee was awarded his discharge in bankruptcy. A default judgment in favor of appellant was confirmed on September 20, 1968. Appellant proceeded to garnishment in execution of the judgment, and appellee brought suit to enjoin same.
Thus, the default judgment was obtained subsequent to the debtor’s discharge in bankruptcy upon an obligation that constituted a provable debt in the bankruptcy proceedings.
Counsel for appellee contends: (1) that the discharge affords the bankrupt total protection from personal liability on his discharged debts without the necessity of affirmatively pleading the discharge, and (2) that LSA-C.C.P. Art. 1005 frustrates the purpose of the bankruptcy act and therefore must yield to its supremacy.
Counsel for appellee cites as authority for his first contention the cases of Louisiana Machinery Company v. Passman, 158 So.2d 419 (La.App. 3rd Cir. 1963) and Mabry v. Beneficial Finance Company of Louisiana, 215 So.2d 192 (La.App. 3rd Cir. 1968). Both are factually distinguishable from the instant case. In the Passman case suit was filed after the adjudication of bankruptcy, but the default judgment was obtained before the discharge. The bankrupt was allowed to assert the discharge as a bar in a subsequent action to revive the judgment, the court concluding that the bankrupt was only required to plead the discharge when the judgment was sought to be enforced. In the Mabry case the bankrupt was allowed to enjoin the enforcement of a judgment that had been rendered subsequent to his adjudication as a bankrupt, but prior to his discharge. In both of these cases the judgments were rendered before the defendants were discharged. Consequently, the defense of a discharge in bankruptcy was not available for either defendant to plead prior to rendition of judgment.
The instant case is not within the above discussed rule. Here, the judgment against the bankrupt was rendered almost one year subsequent to the bankrupt’s discharge.
It is a well established principle of law that a discharge in bankruptcy does not extinguish or cancel the discharged debt, but merely serves as a bar to the legal enforcement thereof. Palmer v. Moore, 3 La.Ann. 208 (1848); Ludeling v. Felton, 29 La.Ann. 719 (1877); and Gumina v. Dupas, 178 So.2d 291 (La.App. 4th Cir. 1965). A bankruptcy discharged is expressly mentioned in LSA-C.C.P. Art. 1005 as one of the affirmative defenses that must be set forth in an answer. Therefore, appellee’s failure to plead the affrmative defense of a discharge in bankruptcy prior to a default judgment rendered subsequent to his discharge constituted an effective waiver of this personal defense, and it cannot now be invoked to bar the enforcement of that *851 judgment. Gumina v. Dupas, supra; Home Finance Service Washington Parish, Inc. v. Taylor, 187 So.2d 778 (La.App. 1st Cir. 1966); X-L Finance Company v. Fenske, 197 So.2d 182 (La.App. 1st Cir. 1967); Household Finance Corp. of Baton Rouge v. LeJeune, 205 So.2d 771 (La.App. 1st Cir. 1967), cert. denied 251 La. 941, 207 So.2d 541 (1968); Bordelon v. X-L Finance Company, 227 So.2d 654 (La.App. 3rd Cir. 1969).
The requirement of Article 1005 of our Code of Civil Procedure that the bankrupt plead his discharge affirmatively is based on sound policy. As pointed out in Household Finance Corp. v. Lejeune, supra :
“A discharge operates only on those debts which under the provisions of the Bankruptcy Act are dischargeable. A creditor may establish one of the exceptions to release of the debt by discharge either in the bankruptcy proceedings or, later, in an appropriate state court. To permit a debtor to urge the discharge of the debt at any time after judgment could effectively deprive the judgment creditor of his opportunity to prove that the debt was excepted from the discharge since the judgment debtor could enjoin public officials from executing the judgment by asserting the discharge without making the judgment creditor a party. See Public Finance Corporation of Lafayette, Inc. v. Vice (La.App.), 177 So.2d 315, where exceptions of no cause or right of action based on a discharge were overruled because it deprived the creditor of his right to show the debt was ex-cludable.”
We find no merit in appellee’s second contention that LSA-C.C.P. Art. 1005 frustrates the purpose of the bankruptcy act. The federal courts have long followed the rule that a discharge in bankruptcy constitutes a complete and adequate remedy at law in the nature of an affirmative defense to the action of a creditor brought subsequent to the discharge on a claim listed in the schedule of liabilities. They also require the discharge to be pleaded prior to judgment. Helms v. Holmes, 129 F.2d 263 (4th Cir. 1942), 141 A.L.R. 1367.
For the foregoing reasons, the judgment of the lower court is reversed. The costs incurred in the trial court and on appeal are assessed to appellee.
Reversed.