STOULIG, Judge.
This appeal involves the validity of a judgment annulling a prior judgment by default in favor of appellant, All State Credit Plan Broad, Inc., against the appel-lees, Emmett J. and Elnora M. Calmes. A chronological résumé of the facts of the case is as follows: On October 15, 1968 the appellees executed a promissory note payable to appellant. The appellees were adjudicated bankrupt on November 29, 1969. Subsequent to this adjudication, a copy of appellant’s petition and a citation were served on the appellees on February 7, 1970. On February 23, 1970, appellees were discharged in bankruptcy. Having failed to answer or plead, a default judgment was taken against appellees on March 12, 1970. Appellant then proceeded to execute on the judgment by causing the issuance of a fifa and a garnishment of the judgment debtors’ wages. These actions resulted in the appellees’ filing a petition on July 28, 1970 to annul the default judgment of March 12, 1970 based upon the allegation that the debt had been discharged in bankruptcy and therefore the judgment is a nullity. In addition, appellees also filed, on August 11, 1970, a rule to show cause why the garnishment “should not be stopped and why the money collected there from [sic] should not be returned.” On October 29, 1970, the trial court rendered judgment annulling the default judgment of March 12, 1970, and recalling the fifa of April 10, 1970. It is from this judgment that All State Credit Plan Broad, Inc., appeals.
LSA-C.C.P. arts. 2001-2004 provide for the action of nullity of a final judgment for vices of form and substance. These articles enumerate the exclusive gounds for annullment. Gumina v. Dupas, 178 So.2d 291 (La.App. 4th Cir. 1965). In their petition for nullity appellees did not state a specific article upon which they relied. We assume that appellees were alluding to that part of LSA-C.C.P. art. 2202 which states, “A final judgment shall be annulled if it is rendered: * * * (2) Against a defendant * * * against whom a valid judgment by default has not been taken * * because none of the other grounds enumerated in these articles could validly be urged under the facts. Thus the merits of the annulment depend on the validity of the default judgment.
Appellees urge as the bases for annulment of the default judgment (1) the cases of Louisiana Machinery Company v. Passman, 158 So.2d 419 (La.App. 3d Cir. 1963), and League Central Credit Union v. Warman, 143 So.2d 241 (La.App. 4th Cir. 1962), which, according to appellees’ brief, hold “that a judgment is nullified if obtained during the pendency of bankruptcy proceedings”; and (2) frustration of the purpose of the Federal Bankruptcy Act. Each of these contentions is without merit.
*530 The League case was decided in 1962, and Passman, in 1963. Since then numerous cases have clarified the effect of a discharge in bankruptcy and the duty of the debtor to plead his discharge as a defense, distinguishing League and Passman on their facts. In those cases since the discharge in bankruptcy was obtained after judgment, the debtor was allowed to plead his discharge as a bar to enforcement of a judgment obtained during pendency of the bankruptcy proceedings. The discharge is retroactive to the time of the adjudication of bankruptcy. The rationale is that the debtor cannot plead as a defense a discharge he has not yet received. However, in the present case the default judgment was taken on March 12, 1970, after the ap-pellee’s discharge on February 23, 1970. This factual distinction is critical because it places a procedural duty on the discharged debtor to affirmatively plead the defense of discharge in bankruptcy.
The Louisiana Code of Civil Procedure provides in Article 1005 that a discharge in bankruptcy is an affirmative defense which must be pleaded in the answer. The voluminous jurisprudence on this point since Passman has consistently held that the debtor must plead his discharge obtained before judgment or he will be deemed to have waived his defense.
In the case of O’Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App. 4th Cir. 1970), the facts are so apposite to ours as to be dispositive of the issues presented in this matter. The court reasoned in that case at pages 850-851:
“Counsel for appellee cites * * * the cases of Louisiana Machinery Company v. Passman * * * and Mabry v. Beneficial Finance Company of Louisiana, 215 So.2d 192 (La.App. 3rd Cir. 1968). Both are factually distinguishable from the instant case. * * * In both of these cases the judgments were rendered before the defendants were discharged. Consequently, the defense of a discharge in bankruptcy was not available for either defendant to plead prior to rendition of judgment.
“The instant case is not within the above discussed rule. Here, the judgment against the bankrupt was rendered almost one year subsequent to the bankrupt’s discharge.
“It is a well established principle of law that a discharge in bankruptcy does not extinguish or cancel the discharged debt, but merely serves as a bar to the legal enforcement thereof. [Citations omitted.] A bankruptcy discharged is expressly mentioned in LSA-C.C.P. Art. 1005 as one of the affirmative defenses that must be set forth in an answer. Therefore, appellee’s failure to plead the affirmative defense of a discharge in bankruptcy prior to a default judgment rendered subsequent to his discharge constituted an effective waiver of this personal defense, and it cannot now be invoked to bar the enforcement of that judgment. [Citations omitted.]’’
See also X-L Finance Company v. LeDoux, 215 So.2d 164 (La.App. 3d Cir. 1968); X-L Finance Company v. Fenske, 197 So.2d 182 (La.App. 1st Cir. 1967; Carpenter v. X-L Finance Company, 195 So.2d 156 (La.App. 1st Cir. 1967); and Gumina v. Dupas, supra.
The above-stated principles are clearly applicable to the present case. The default judgment was not obtained during the pendency of bankruptcy proceedings as appellees contend. Though the Referee in Bankruptcy may have given the creditors until July 5, 1970, to file claims, the discharge in bankruptcy was rendered February 23, 1970, prior to the date of the default judgment (March 12, 1970). Under LSA-C.C.P. art. 1005 and the extensive jurisprudence interpreting this article, appel-lees were required to plead this affirmative defense in their answer. A failure to do so operates as a waiver of this right.
There is a sound logical basis for the requirement that the discharge in bankruptcy *531 be affirmatively pleaded (LSA-C.C.P. art. 1005). As succinctly stated in the case of Household Finance Corp. of Baton Rouge v. Lejeune, 205 So.2d 771, 774 (La.App. 1st Cir. 1967)[1]:
«* * * a discharge operates only on those debts which under the provisions of the Bankruptcy Act are dis-chargeable. A creditor may establish one of the exceptions to release of the debt by discharge either in the bankruptcy proceedings or, later, in an appropriate state court. To permit a debtor to urge the discharge of the debt at any time after judgment could effectively deprive the judgment creditor of his opportunity to prove that the debt was excepted from the discharge since the judgment debtor could enjoin public officials from executing the judgment by asserting the discharge without making the judgment creditor a party. * * * ”
Appellees’ suggestion that the allowing of a judgment on a discharged claim frustrates the purpose of the Federal Bankruptcy Act because in their words, “ * * * a discharge, when granted, relieves the bankrupt from all probable debts,” is also without merit. The legal effect of such a discharge has been extensively discussed in the cases cited supra. Further, several cases have dealt directly with this specific argument. Home Finance Service, Washington Parish v. Taylor, 187 So.2d 778 (La.App. 1st Cir. 1966), discussed this point in detail and concluded, quoting 8A C.J.S. Bankruptcy § 490 at page 1009: “To avail himself of the privileges of the Bankruptcy Act, a bankrupt must take timely and appropriate action in any cause pending against him in a state court.” The court found no conflict between the purpose of the Bankruptcy Act and the requirements of the Code of Civil Procedure.
The court in O’Neill v. D. H. Holmes, supra, cited a federal case in holding for the creditor as follows:
“We find no merit in appellee’s second contention that LSA-C.C.P. Art. 1005 frustrates the purpose of the bankruptcy act. The federal courts have long followed the rule that a discharge in bankruptcy constitutes a complete and adequate remedy at law in the naure of an affirmative defense to the action of a creditor brought subsequent to the discharge on a claim listed in the schedule of liabilities. They also require the discharge to be pleaded prior to judgment. * * * ” 232 So.2d at 851.
The federal court in the case of In Re Carwell, 323 F.Supp. 590 (1971) was concerned with an almost identical factual situation as the case at bar. After referring to many of the cases cited above, the Court maintained the necessity for affirmatively pleading the discharge. After alluding to the fact that a discharge of bankruptcy is neither payment nor an extinguishment of a debt but merely a personal defense as a bar to involvement the Court observed:
“ * * * In re Innis, CA 7 1944, 140 F.2d 479. Both in Louisiana and under Federal law, that bar must be specially set forth as an affirmative defense. La.C.C.P. Art. 1005; F.R.Civ.P. Rule 8(c). Failure to do so before a default judgment is entered constitutes waiver of the defense. * * *
“Except in unusual circumstances, * * * federal courts have refused to enjoin execution of state court judgments on the ground of the bankrupt’s failure to set up the affirmative defense of discharge in bankruptcy. * * * This case is one of those characterized by the Fifth Circuit’s per curiam in Wel-bortt as ‘the ordinary case in which a party permits a case to go to default judgment against him, whether through ignorance or inattention, or failure of counsel.’ 330 F.2d at 603. That judgment cannot now be reopened. * * * ” 323 F.Supp. at 593.
*532 On the basis of the principles enunciated above we find that the default judgment sought to be annulled was valid. Appellees’ present attack on the judgment is therefore without merit. His failure to timely plead the affirmative defense of discharge in bankruptcy has operated as a waiver of this right. The jurisprudence is settled on the question. He who would invoke this right must properly protect it.
For the reasons above stated, the trial court judgment annulling the prior judgment by default and recalling the fifa issued is reversed and the original decree is reinstated. Costs are to be borne by appel-lees.
Reversed and rendered.

. (Writ granted, 251 La. 941, 207 So.2d 541 (1968). Remanded solely on issue of community property, 252 La. 691, 212 So.2d 546 (1968)).