REDMANN, Judge
(concurring).
Our Supreme Court has declared, at 256 La. 249, 236 So.2d 30, that “There is no error of law” in O’Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App. 1970). O’Neill requires the result here reached, and for that reason I concur in our result.
Nevertheless O’Neill ought, in my opinion, to be reconsidered by the Supreme Court and overruled.
If defendant here had paid the debt on February 23, we would surely repudiate the argument that C.C.P. art. 1005 required payment to be affirmatively pleaded in the answer (which art. 5002 required to be filed five days after the February 7 service, or over a week before the payment [here, discharge] occurred).
The theoretical distinction, between ex-tinguishment of debt by payment and procedural bar to enforcement of debt by discharge, is not found in C.C.P. art. 1005. Therefore, in case of either payment or discharge, art. 1005 has identical significance. It should not be interpreted to require an answer to contain defenses which do not exist at the time the answer is required to be filed.
(I note further that the question whether discharge in bankruptcy can prevent execution of a judgment is not the same question as whether the judgment can be annulled under C.C.P. arts. 2001-2004. However, I do believe ill practice within art. 2004 is technically present under our circumstances.)
Reversed and rendered.