MILLER, Judge.
Plaintiff Beneficial Finance Company appeals the annulment of the default judgment it obtained against defendant Tom *284 W. Kramer. Defendant did not plead his discharge in bankruptcy. We reverse.
Defendant and his wife were adjudicated bankrupts on September 8, 1970. Beneficial Finance filed suit on a past due note on October 7, 1970. The formal discharge in bankruptcy was granted on November 6, 1970. Prominently stated on the face of the discharge was this statement:
“IMPORTANT: If a lawsuit is brought against you based on one of the debts listed in your bankruptcy schedules, you should immediately consult your attorney. Failure to answer such action could result in an enforceable default judgment being taken against you notwithstanding the issuance of this discharge.” (Tr. 20.)
The default judgment was confirmed against Kramer on November 10, 1970. On December 30, 1970 a garnishment was granted to enforce the November 10th judgment. It was not until April 13, 1971 that Kramer sought to dismiss the garnishment.
The trial court did not assign reasons for annulling the December 30, 1970 garnishment judgment, and appellee has not filed a brief. The trial court may have based its decision on the cases of Louisiana Machinery Company v. Passman, 158 So.2d 419 (La.App. 3 Cir. 1963) and Mabry v. Beneficial Finance Company of Louisiana, 215 So.2d 192 (La.App. 3 Cir. 1968).
The debtor in Mabry raised the affirmative defense when the garnishment was first filed. Here the garnishment based on the November 10, 1970 judgment was obtained on December 30, 1970. Kramer did not urge his affirmative defense until April 13, 1971.
We distinguish the Passman and Mabry cases in that there the discharge in bankruptcy was obtained subsequent to the confirmation of default judgments. Here the discharge in bankruptcy was obtained prior to the confirmation of default judgment and was available for defendant to plead prior to rendition of judgment. O’Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App. 4 Cir. 1970), writ denied by our Supreme Court on finding “no error of law.” 256 La. 249, 236 So.2d 30 (1970). Here the affirmative defense' was not raised for more than three months after the garnishment had been ordered. And the garnishment was ordered almost eight weeks after the discharge was granted.
In Carpenter v. X-L Finance Company, Inc., 195 So.2d 156 (La.App. 1 Cir. 1967), the discharge was granted only seven days before the confirmation of default judgment was granted. These seven days were found to be adequate for debtor to urge the affirmative defense as required by LSA-C.C.P. Article 1005. It was also noted and we agree that the debtor could have fully protected himself from judgment in the state court by obtaining a stay order.
A debtor’s failure to plead the affirmative defense of a discharge in bankruptcy prior to a default judgment rendered subsequent to his discharge, constitutes an effective waiver of this personal defense, and it cannot later be invoked to bar enforcement of that judgment. Bordelon v. X-L Finance Company, 227 So.2d 654 (La.App. 3 Cir. 1969); O’Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App. 4 Cir. 1970); All State Credit Plan Broad, Inc. v. Calmes, 262 So.2d 528 (La.App. 4 Cir. 1972).
We note that on October 19, 1970 the Federal Bankruptcy Act was amended to provide that an order of discharge in bankruptcy declares null and void judgments theretofore or thereafter obtained insofar as the judgment determines personal liability of the dischargee on a dischargeable debt as such is defined by the act. Public Law 91-467, §§ 2, 3; 11 U.S.C.A. § 32(f)(1)(2). These provisions did not become effective until sixty days after October 19, 1970 and do not apply.
*285 The trial court judgment is reversed and the December 30, 1970 garnishment reinstated. Costs of court at trial and on appeal are assessed to defendant appellee.
Reversed and rendered.