212 So.2d 546

**HOUSEHOLD FINANCE CORPORATION OF BATON ROUGE**

v.

**Loretta C. LeJEUNE.**

**No. 49123.**

June 28, 1968.

Neal N. Bagwell, White Castle, for defendants, plaintiffs in rule, appellants.

James H. Hynes, Baton Rouge, for appellee.

HAMITER, Justice.

This matter, before us on a writ of certiorari, arises out of an injunction proceed-

ing wherein Loretta C. LeJeune and her husband, Roland J. LeJeune, sought to enjoin the Household Finance Corporation of Baton Rouge (hereafter called Household Finance) from garnishing the wife's salary from Southern Bell Telephone and Telegraph Company (her employer), the garnishment proceedings having been based on a judgment which had been obtained by Household Finance against Mrs. LeJeune alone.

Mr. and Mrs. LeJeune, as co-makers, had issued a promissory note on October 10, 1962. Household Finance became a holder thereof in due course. In November, 1963 both of the LeJeunes were granted discharges in bankruptcy. In March, 1964 Household Finance instituted suit on the note solely against Mrs. LeJeune, and took a preliminary default which was thereafter confirmed (she made no appearance in the suit).

Subsequently, the garnishment proceedings were commenced against Mrs. LeJeune's employer (seeking to seize her salary) to satisfy the judgment. Whereupon, Mrs. LeJeune, as plaintiff in a petition for a rule, sought to enjoin the garnishment, she alleging that the discharge in bankruptcy constituted a bar to the enforcement of the obligation.

LeJeune likewise appeared as a plaintiff in the petition, he seeking injunctive relief against the garnishment on the ground that his wife's salary was an asset of the community existing between them and that it could not be legally seized to satisfy her separate debt. He also pleaded her discharge in bankruptcy.

A temporary restraining order was issued by the district court to Loretta C. LeJeune and Roland J. LeJeune, the order reciting that it was based on a showing that immediate and irreparable injury, loss or damage would "result to Loretta C. LeJeune and/or Roland J. LeJeune" by deducting sums of money by the garnishee from the wages of Loretta LeJeune. The bond furnished in connection with the issuance of this restraining order was executed by both of the LeJeunes as principals.

In its answer to the petition for injunctive relief the defendant in the rule (Household Finance) made reference to Roland J. LeJeune's having joined in the action, but it made no objection to this procedure. Thereafter, a preliminary injunction issued in favor of *both plaintiffs*, conditioned upon their furnishing bond in the sum of $1,000. This bond also was executed by both of the LeJeunes as principals.

In September, 1965 the court conducted a hearing on the rule for a permanent injunction which is referred to as "arguments on exceptions." · The record does not disclose the nature of the exceptions, but apparently they were directed solely against Mrs. LeJeune's contention regarding her discharge in bankruptcy. Only she

appeared (through counsel) at the hearing, and there it was expressly stated that the issues relating to the garnishment of community property, raised by the pleadings of LeJeune, were not then before the court.

Following such hearing the district court rendered a judgment which recited that "the preliminary writ of injunction heretofore issued in this cause be and the same is hereby dissolved and set aside and the demands of the plaintiff in rule, Mrs. Loretta LeJeune, be and same are hereby dismissed at her costs."

Mrs. LeJeune alone appealed. The Court of Appeal affirmed the judgment, it stating that the district court had correctly ruled that the failure of Mrs. LeJeune to specially plead the discharge in bankruptcy in the original suit filed by Household Finance barred her from asserting such defense against enforcement of the judgment. In brief and in oral argument both the appellant and appellee, as well as LeJeune, had argued the merits of the issue of community property raised by the husband's injunction petition. However, the court stated: " * * * They argued the question of the right to garnish a wife's earnings for a personal obligation, but this question is not before the court. The judgment below only determined the rights of the plaintiff in rule and was silent as to the demands asserted in the petition of the third party, Roland J. LeJeune. As no judgment has been signed adjudicating the demands of the third party plaintiff, the third party to this action is still before the court a quo. * * *" Household Finance Corporation of Baton Rouge v. LeJeune, 205 So.2d 771.

Both of the LeJeunes applied to this court for certiorari. We granted the writ, but limited it to a consideration of assignments of error 1, 2 and 3 which related to the right of Household Finance to garnish the salary of Mrs. LeJeune, allegedly community property, to satisfy an obligation personal to the wife. 251 La. 941, 207 So. 2d 541.

At the outset it is pertinent for us to state that we agree with the observation of the Court of Appeal that the issue involving garnishment of the alleged community property, raised by the pleadings of LeJeune, were not considered or passed on by the district court at the hearing respecting the permanent injunction. Nevertheless, we granted certiorari in view of the unusual nature of the pleadings and because the Court of Appeal had given no indication as to its appreciation of the status of LeJeune's preliminary injunction. Neither had it remanded the matter for a hearing on his prayer for permanent injunctive relief; and we were fearful that an outright denial of the writ of certiorari might be misunderstood and possibly be interpreted as a total rejection of such demand.

Now that the record is before us it is clear that Mr. and Mrs. LeJeune each ap-

peared separately as a plaintiff in the petition for injunction, she for herself and he for the community. Perhaps the defendant in the rule could have objected to such joinder, inasmuch as their respective demands for injunctive relief were based on separate and distinct causes of action—she claiming that the discharge in bankruptcy barred enforcement of the obligation and he asserting that the community property could not be legally seized to satisfy a separate claim against the wife.

However, the defendant in rule did not so object; and the restraining order and preliminary injunction issued to *both* of the LeJeunes. The hearing held thereafter relative to the permanent injunction was restricted, as we have shown, to the wife's claim, and it involved only the effect of her failure to plead the discharge in bankruptcy in the original suit against her personally.

In our opinion the judgment rendered after such hearing was intended to, and it did, set aside the preliminary injunction only insofar as the wife's contention was concerned, and it specifically dismissed solely *her* demand. Therefore, the preliminary injunction insofar as it respected and benefitted the husband is still in force and effect, it never having been dissolved with regard to him.

Certain issues respecting the husband's demand, both factual and legal, were argued in this court by counsel for the parties, just as they were before the Court of Appeal. But inasmuch as there has never been a hearing on or a determination of those issues by the trial court, they are not cognizable by us at this time and we now express no opinion on them.

For the reasons assigned the cause is remanded to the district court for a hearing on the husband's demand for a permanent injunction respecting the alleged community property, it to be proceeded with according to law and in accordance with the views herein expressed. All costs in this court to be paid by Household Finance Corporation of Baton Rouge. All other costs to await a final determination of the case.