288 So.2d 630 (1974)
Calvin RODRIGUE et al.
v.
Marcella ZIIFLE.
No. 53643.
Supreme Court of Louisiana.
January 14, 1974.
Stephen L. Huber, James J. Morse, and Robert A. Katz, Law Offices of Bruce J. Borrello, New Orleans, for plaintiffs-applicants.
William J. Dwyer, IV, Metairie, Marcella M. Ziifle, Gretna, for defendant-respondent.
*631 SANDERS, Chief Justice.
We granted certiorari to review a judgment of the Court of Appeal vacating a trial court judgment that "annulled" a previous default judgment for damages in favor of Marcella Ziifle and granted a new trial on the merits. The issues are largely procedural.
On September 27, 1972, Marcella Ziifle and Calvin Rodrigue were involved in an automobile collision. On January 29, 1973, Marcella Ziifle filed suit in the Second Parish Court for the Parish of Jefferson to recover damages against Rodrigue, Westside Lumber and Supply Company, and Liberty Mutual Insurance Company. Since the defendants allegedly failed to file a timely answer, a default judgment was rendered against them on March 2, 1973.
On March 23, 1973, Calvin Rodrigue and his co-defendants filed a suit to annul the default judgment, alleging that an answer had been timely filed. In connection with the suit, the plaintiffs sought injunctive relief to prevent the seizure and sale of their property.
The trial judge granted a temporary restraining order, conditioned upon furnishing bond. A rule nisi issued ordering Marcella Ziifle to show cause on April 13, 1973, why a preliminary injunction should not issue.
The rule nisi for a preliminary injunction came on for hearing. At the time of the hearing, the trial judge granted an oral motion for a new trial in the original damage suit with the following minute entry:
"Motion for a new trial tried and submitted. Motion granted. Atty to submit motion for new trial."
On April 19, six days later, the trial judge signed a written judgment that "annulled and set aside" the default judgment and "granted a new trial on the merits."
The defendant in the annulment suit applied to the Fourth Circuit Court of Appeal for supervisory writs on April 15, 1973. On May 10, 1973, the Court of Appeal granted the writs and, relying upon Louisiana Code of Civil Procedure Article 1974, vacated the judgment insofar as it annulled the default judgment and granted a new trial on the merits. We granted writs to review the judgment of the Court of Appeal. La., 279 So.2d 692.
Construing the trial court judgment in accordance with the minutes as one granting a new trial in the damage suit, the Court of Appeal held that the new trial was improvidently granted, because the time for entertaining a motion for new trial had long since elapsed.
In this Court, the relators contend that the trial court judgment is not one granting a new trial, but rather is a final, appealable judgment in the action of nullity, annulling the default judgment of March 2, 1973. They assert that the effect of the Court of Appeal judgment is to erroneously apply the delay for seeking a new trial as a prescriptive period for the action of nullity.
The written judgment, dated April 19, 1973, reads in part as follows:
"This matter came for hearing on April 13, 1973, on the petition of Calvin Rodrigue, Westwide Lumber and Supply Company and Liberty Mutual Insurance Company to annul the default judgment rendered on March 2, 1973, in favor of Marcella Ziifle in proceeding number 11-479 of this Court.

. . . . . .
"After considering the pleadings, evidence and argument of counsel, the law and the evidence being in favor of Calvin Rodrigue, Westside Lumber and Supply Company and Liberty Mutual Insurance Company, for the reasons orally assigned;
"It is ordered, adjudged and decreed that the default judgment rendered on March 2, 1973, against petitioners in favor *632 of Marcella Ziifle in proceeding number 11-479 of this court be annulled and set aside and that petitioners be granted a new trial on the merits." (Italics ours).
The judgment uses both the words annulled and granted a new trial. In our opinion, it is ambiguous.
In the construction of an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning. See In re Clover Ridge Planting & Mfg. Co., 194 La. 77, 193 So. 468 (1940); Davis v. McCain, 171 La. 1011, 132 So. 758 (1931); 49 C.J.S. Judgments §§ 438, 439, pp. 870-871; 46 Am.Jur.2d, Judgments, § 76, p. 364.
The principle is correctly stated in 46 Am.Jur.2d, Judgments, § 76, p. 364, as follows:
"A judgment which is ambiguous and uncertain may be read in connection with the entire record and construed accordingly."
We have examined the record and find cogent reasons why the judgment cannot be construed as a final judgment granting an annulment and disposing of the action of nullity on its merits. At the time of the contested judgment, the matter before the Court was a rule to show cause why a preliminary injunction should not issue enjoining the execution of the judgment sought to be annulled "until such time as a trial could be held on plaintiff's action." In the nullity action, a motion for summary judgment was pending and had been assigned for hearing at a later date. As we have observed, the minutes recite that a motion for a new trial was granted.
It is true that the minute entry appears in the annulment suit and that the judgment uses the word annulled. These factors, however, are not decisive. In the loose usage of the judgment, annulled is used in the sense of vacated. In other words, the Court granted a new trial in the damage suit, thus vacating the default judgment.
As the Court of Appeal held, the new trial was improvidently granted, because the time for applying for a new trial had expired.
Louisiana Revised Statutes 13:2562.10 makes the procedural provisions of Book 8 of the Louisiana Code of Civil Procedure applicable to the Second Parish Court of Jefferson Parish.
In that part of the Code, Article 5002 provides:
"A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment, or within three days of the service of notice of judgment when necessary."
After the delay fixed by this article has elapsed, the trial judge no longer has the authority to grant a new trial. Hence, the trial court judgment granting a new trial must be vacated. The case will be remanded for further proceedings in the action of nullity.
For the reasons assigned, the judgment of the Second Parish Court, Parish of Jefferson, dated April 19, 1973, is vacated and this case is remanded to that court for further proceedings in the action of nullity according to law and consistent with the views herein expressed. All costs in the appellate courts are assessed against the relators, Calvin Rodrigue, Westside Lumber and Supply Company, and Liberty Mutual Insurance Company. The assessment of all other costs shall await the final outcome of the suit.