BOUTALL, Judge.
This appeal arises out of a suit for nullity of judgment. The original suit from which the judgment arose was filed by Gertrude Loreck Wabnig as a stockholder of Royal Crystal Art Co., Inc., and as a creditor for recovery of rent or other indebtedness due, against that corporation and Mrs. Lillian Schon Small. The suit sought a liquidation of the corporation and a recognition of Mrs. Wabnig’s ownership of stock, as well as recovery of the alleged indebtedness due her as creditor. Hearing was had in which Mrs. Small was represented by counsel, and the court rendered a judgment issuing an injunction against Mrs. Small restraining her from disposing of any corporate assets, ordering the corporation to be liquidated, and appointing a liquidator.
The present suit is brought to annul that judgment dated May 23, 1973, amended May 24, 1973, to require bond of Mrs. Wabnig for the injunction. To the petition in this suit, Mrs. Wabnig has filed an exception of no cause of action and alternatively a motion for summary judgment. The record discloses that when these matters were brought for trial, Mrs. Small and her attorney made no appearance, the hearing was had without them, and the trial judge rendered a judgment in favor of Mrs. Wabnig maintaining the exception of no cause of action and also granting summary judgment, dismissing plaintiff’s suit. This appeal is taken from that judgment.
We first consider the exception of no cause of action. The petitioner is captioned an action in nullity of judgment obtained by fraud, and presents an action both for a nullity through fraudulent practices and to obtain damages against the defendant. The petition summarizes the allegations of the petition in the original suit reciting in brief that Mrs. Wabing was the owner of 50% of the corporate stock, that the corporation was indebted to her for various amounts, that because of irreconcilable differences between the two stockholders it was necessary to provoke a judicial liquidation, and then alleges that these allegations were knowingly false. The petition then recites that Mrs. Wabnig had never become the owner of any stock, that the *712 claims for rent and other alleged debts were false and incorrect. The petition then considers the reasons for judgment rendered by the trial judge and alleges that these reasons and findings are incorrect because not based upon the evidence. The petition then sets out the damages resulting from the activities of the court officials and Mrs. Wabnig as a result of the judgment.
We are of the opinion that the trial judge correctly maintained the exception of no cause of action.
The grounds for nullity of judgment are set out in C.C.P. Art. 2001 et seq., and this particular action is brought under the provisions of C.C.P. Art. 2004, providing that a final judgment obtained by fraud or ill practices may be annulled. In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. C.C.P. Art. 856. Specifically, it has been held that a petition seeking to annul a judgment on the grounds of fraud, misrepresentation or ill practice must clearly allege facts from which such elements may be unmistakably concluded in order to state a cause of action. Household Finance Corp. of Baton Rouge v. LeJeune, 205 So.2d 771 (La.App. 1st Cir. 1967), remanded on other grounds, 252 La. 691, 212 So.2d 546 (1968); Horney v. Scott, 171 So. 172 (La.App. 2d Cir. 1936).
An examination of the petition before us convinces us that this petition does not meet the requirements of C.C.P. Art. 2004. It simply alleges that what Mrs. Wabnig alleged, and later testified to, was incorrect, and that the judge reached incorrect findings based upon the evidence presented. ■ There is nothing herein which indicates such fraud as is envisioned by Article 2004. In this regard, we refer to the case of Termini v. McCormick, 208 La. 221, 23 So.2d 52 (1945) sustaining dismissal of plaintiff’s petition for failure to state a cause of action in a suit brought by a shareholder, the court observing that:
“ . . . it is not sufficient, with reference to the stating of a cause of action, for a plaintiff to make general allegations of irregularities and omissions ; he must set forth in his petition, clearly and accurately, definite facts from which there, can be drawn the conclusion that a reconsideration or the conducting of further proceedings will result in a different decree.”
Similarly, in the case of In re Phoenix Building & Homestead Assn., 203 La. 565, 14 So.2d 447 (1943), dismissal of a petition seeking to annul a judgment homologating an account on ground of fraud or ill practice was upheld with the following comment:
“It is so well settled that it requires no citation of authorities that a mere conclusion of the pleader, unsupported by any facts, fails to disclose a cause or right of action.”
It is clear that the petition is simply a denial of the facts urged by the plaintiff in the original suit and those found by the trial judge in his original judgment. This action for nullity amounts to no more than a belated attempt to appeal from that judgment and have the same issues rehashed. This court, in Succession of Quaglino, 248 So.2d 380 (La.App. 4th Cir. 1971) in maintaining an exception of no cause of action to a petition for nullity on the grounds of ill practices, held that an action for nullity may not be substituted in place of an appeal, stating that:
“It is the settled jurisprudence of the courts that, ‘matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal (Emphasis added.) Heroman v. Louisiana Institute, 34 La.Ann. 805. See also, Buillard v. Davis, 185 La. 255, 169 So. 78, and Metropolitan Bank v. Times-Democrat Pub. Co., 121 La. 547, 46 So. 622.”
*713 We note, in an examination of the petition and the judgment complained of, that the allegations of the petition concern a number of matters wholly unconnected with the judgment itself. We mention, for example, that there is no disposition of the claims for indebtedness in that judgment, but in a sense that judgment is only a preliminary to perhaps later disposal of these issues on other pleadings. In any event, we see no need to discuss them herein, for they are irrelevant to the grounds upon which the judgment is sought to be annulled. However, it is apparent that the tenor of the present pleading, even if amended in some fashion, would not constitute sufficient grounds for an-nullment of judgment under Article 2004, and hence we agree with the dismissal of plaintiff’s suit. In so finding, it becomes unnecessary to consider the effect of the maintaining of the motion for summary judgment.
In accordance with the above reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.