338 So.2d 975 (1976)
Miss Patricia SQUATRITO
v.
Ralph L. BARNETT.
No. 7627.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
*976 Harry R. Cabral, Jr., Metairie, for plaintiff-appellant.
Ralph L. Barnett, in pro. per.
Before LEMMON, GULOTTA and BEER, JJ.
LEMMON, Judge.
This is a malpractice suit against defendant attorney who, while allegedly representing Patricia Squatrito, allowed a year to pass without filing a tort suit to recover damages for the injuries she sustained in an automobile accident on January 9, 1966. Miss Squatrito has appealed from a judgment which maintained defendant's exception of prescription and dismissed the malpractice action.
Because of the unusual procedural circumstances of this case, it is necessary to outline the pertinent events which preceded the judgment on the exception of prescription.

I
Miss Squatrito's petition was filed on May 11, 1970 and preliminary default was entered on June 1, 1970. Defendant's attorney then filed an exception of prescription. After a hearing on November 23, 1970, the exception was referred to the merits, and defendant was specifically given 15 days within which to answer on March 16, 1971, but when no answer was filed, Miss Squatrito confirmed the earlier default, and judgment by default was rendered on November 8, 1971 in the amount of $3,500.00. Neither party has ever appealed from the default judgment.
On January 7, 1972, almost two months after the clerk mailed a notice of the default judgment (no notice was necessary, because defendant had been served personally) and three weeks after service of a judgment debtor rule, defendant filed an application for a new trial, on the sole grounds (1) that the exception of prescription (having been referred to the merits rather than overruled) was still pending at the time of the confirmation of the default and (2) that the determination of liability was not supported by sufficient proof. At *977 the hearing on the application defendant argued that he had prepared the application for new trial immediately after receiving notice of the default judgment and had timely handed it to the court crier of the division of court in which the case was pending. The trial court granted the new trial, specifically noting that defendant was not responsible for the crier's misplacing the pleading and failing to file it of record within the delay for applying for a new trial.
Defendant thereafter filed an answer, and the case was eventually tried on the merits, after which the trial court dismissed plaintiff's suit, maintaining the exception of prescription which had been referred to the merits. Hence this appeal.

II
Before reviewing the judgment maintaining the exception, we must first consider Miss Squatrito's contention that the trial court improperly granted a new trial because the application was not timely filed following the judgment by default.
C.C.P. art. 253 requires that all pleadings to be filed "shall be delivered to the clerk of court for such purpose." The article also requires the clerk to "endorse thereon the fact and date of filing" and to retain possession of the pleading for inclusion in the record. The fact and date of filing, which are the critical factual determinations as to the issue of timeliness, were not endorsed on the pleading by the clerk, or by the judge, or by any other court officer. Neither was the pleading delivered to the clerk for filing (until the tardy delivery in January).
The article requiring delivery of a pleading to the proper court officer is designed to prevent exactly what occurred in this casethe court's being faced with a claim of a lost pleading after the time for filing the pleading has elapsed. The effect of the article is that a pleading is not "filed in an action" until it has been delivered to the clerk for that purpose.[1] Therefore, a party obliged to file a pleading within a time limitation must insure actual delivery, since it is the time when the clerk receives actual delivery of the pleading which determines whether that pleading has been timely filed. Handing the pleading to a friend or even to a court officer who is not authorized to accept delivery is done at the risk that delivery to the clerk may not be accomplished timely.
Under the particular facts and circumstances of the present case, we are constrained to hold that there has been no compliance with C.C.P. art. 253. The crier's duties do not include receiving delivery of pleadings for filing (C.C.P. art. 333), nor does any statute authorize this officer to receive delivery. Furthermore, the pleading was not entered on the docket or record of the case or in the minutes of the court, the fact of filing was not endorsed on the pleading, and the January application for new trial did not mention the circumstance of earlier handing to the crier.
Inasmuch as we have concluded that the new trial was improperly granted, the judgment following the new trial and now before us for review must be annulled and set aside.[2]
We cannot, however, now inquire into or modify the default judgment, as Miss Squatrito requests that we do in regard to the amount of the award. Since no timely application for new trial was filed and no appeal was perfected, that judgment has become final and definitive and has acquired the authority of the thing adjudged. C.C.P. art. 1842; C.C. art. 3556(31).
*978 For these reasons, the judgment of the trial court is annulled.
ANNULLED.
NOTES
[1] See Johnson v. State Farm Mutual Automobile Ins. Co., 241 So.2d 799 (La.App. 3rd Cir. 1970) (which we do not necessarily approve in its entirety).
[2] We have considered treating the application for new trial as a petition for nullity of judgment under C.C.P. art. 2002, at least as to the grounds relating to the propriety of the judgment by default. However, since there apparently was no evidentiary hearing on this application and since an action on these grounds may be brought at any time, we decline to do so.