441 So.2d 12 (1983)
David PERRODIN, Plaintiff-Appellee,
v.
Evelyn ZANDER, et al., Defendants-Appellants.
No. 83-213.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 16, 1984.
*13 Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendants-appellants.
A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
*14 GUIDRY, Judge.
The plaintiff, David Perrodin, brought this suit to recover for personal injuries he sustained when he was struck by an automobile while crossing a street in Ville Platte, Louisiana, in the early morning hours of May 11, 1980. Made defendants were the driver of the automobile, Evelyn Zander, and her insurer, State Farm Mutual Automobile Insurance Company. State Farm was also named as defendant in its capacity as the uninsured motorist insurer of the plaintiff.
The plaintiff filed the instant suit on April 9,1981. In addition to the fifteen day delay for answer provided by LSA-C.C.P. Art. 1001, the plaintiff, in a letter addressed to State Farm's claim agent, Joe Anding, granted the defendants an extension of thirty days in which to file an answer. When no answer was filed by the defendants within this extended period, the plaintiff entered a preliminary default against both defendants on June 2, 1981. On July 11, 1981, the plaintiff confirmed the default. On July 14, 1981, the trial court rendered and signed a judgment in favor of plaintiff and against defendants awarding $60,000.00 in general damages and $7,632.19 in special damages.
Both defendants timely filed a motion for new trial. Following a hearing on the motion, the trial court issued an order denying the defendants' motion for a new trial on the issue of "liability" of the defendant, Evelyn Zander. However, the court granted the motion for new trial on the issues of (1) the liability of State Farm as the liability insurer of Evelyn Zander and/or the uninsured motorist insurer of the plaintiff; and, (2) the amount of damages sustained by the plaintiff.
The matter was thereafter brought to trial on the limited issues to be re-tried on August 26, 1982. Before the first witness was called, the plaintiff voluntarily dismissed State Farm from the suit with prejudice. The trial then proceeded on the issue of damages only. The trial judge, after taking the matter under advisement, rendered judgment in favor of the plaintiff against Evelyn Zander for general damages of $26,000.00 and special damages in the amount of $4,793.00. The defendant, Evelyn Zander, appeals.
The defendant asserts that the trial court erred in: (1) granting the original default judgment against her; (2) failing to grant a new trial as to all issues and all parties and entering judgment for the plaintiff after hearing the evidence adduced at the partial new trial; and (3) awarding excessive damages.

CONFIRMATION OF DEFAULT JUDGMENT
The defendant contends that the plaintiff failed to make sufficient proof of his demand in confirming the default judgment, and that the granting of the judgment by the trial court was error.
LSA-C.C.P. Art. 1702 provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. A prima facie case is established only when the plaintiff proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied. Jim McCary, Inc. v. Price, 391 So.2d 921 (La.App.2d Cir.1980).
The following facts were established by the plaintiff at the hearing to confirm the default judgment. The plaintiff and a companion, Jeanor Paul Fontenot, had been out drinking in Ville Platte, Louisiana, on the evening of May 10 and early morning hours of May 11, 1981. At approximately 3 a.m., Fontenot drove the plaintiff to a local car dealership located on U.S. Highway 167 in Ville Platte, where the plaintiff's car was parked. The two had decided that the plaintiff would lock his car and allow Fontenot to drive him home, the plaintiff being too intoxicated to drive himself. After Fontenot parked on the shoulder of the road across Highway 167 from the car dealership, the plaintiff began to walk, in a southerly direction, across the highway to where his car was parked. As the plaintiff stepped across the center line, into the eastbound lane of travel, he was struck by a *15 vehicle being driven in an easterly direction by the defendant, Evelyn Zander.
Fontenot testified that, while he didn't see the actual impact, he did see the plaintiff immediately before and immediately after impact. He stated that, as Perrodin was crossing the road, he appeared to notice the headlights of the oncoming vehicle, and raised his hands as if to attempt to stop the vehicle from striking him. Fontenot stated that he turned his head for a moment and did not see Zander's vehicle strike the plaintiff, but did look again in time to see Perrodin in the air after being struck. Fontenot estimated that the plaintiff had just crossed the center line, and was about two feet into the eastbound lane when he was struck. He stated that the Zander vehicle, although travelling at a normal rate of speed, did not take any evasive action to avoid the accident. He further testified that the area was very well lighted, and that the shoulders of the highway were paved and unobstructed.
Joe Manuel, who investigated the accident for the Ville Platte City Police, also testified at the hearing. He stated that the night was clear, the area was well lighted, and that the shoulders of the road were paved. He further stated that, upon speaking with Zander, he found no indication that she was in an intoxicated or impaired state. The plaintiff testified that he did not recall much about the accident, but did state that, after having crossed a portion of the highway, he saw the approaching car and waved his hands in an attempt to stop the car. He stated that the car continued in its lane of travel until it struck him.
The first duty of those operating motor vehicles is to keep a sharp lookout ahead to discover the presence of those who might be in danger. Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978); Rottman v. Beverly, 183 La. 947,165 So. 153 (1936). In the case of Jackson v. Cook, 189 La. 860,181 So. 195 (1938), the Supreme Court stated:
"... the duty of those in charge of motor cars and engines to look ahead and observe never ceases; that what they can see they must see and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability."
In Baumgartner, supra, the Supreme Court discussed the respective duties of driver and pedestrian:
"Accordingly, we hold that the doctrine of "last clear chance" has no application in absolving a motorist from liability when he negligently strikes a pedestrian. In the city a motorist is obligated to maintain a lookout for pedestrians at crosswalks at all times. If he fails to see a pedestrian in a position of peril when he should have, the motorist is at fault and is responsible. A motorist who could have avoided injury to a pedestrian by the exercise of care which is reasonable under the circumstances is at fault, and is responsible. The motorist cannot escape liability by proving that the pedestrian, admittedly in peril because of his own negligence, could have avoided injury more quickly than the motorist. The operator of a motor vehicle, a dangerous instrumentality, has the constant duty to watch out for the possible negligent acts of pedestrians and avoid injuring them. A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety. Therefore, he should not be able to escape responsibility for injury to the pedestrian by pleading the latter's negligence. And since, in such case, a plaintiff's contributory negligence will not bar his recovery, the last clear chance doctrine, used to avoid the harsh effects of the contributory negligence defense, is not at issue.8" (footnote omitted).
We have previously held that the principles of Baumgartner are not limited to situations in which a pedestrian is struck at a crosswalk. Widcamp v. State Farm Mutual Automobile Insurance Company, 381 So.2d 937 (La.App.3d Cir.1980).
*16 In the instant case, the trial judge was apparently impressed by the testimony of the plaintiff's witnesses, and was satisfied that the defendant, Zander, should have seen the plaintiff, and could have, in the exercise of reasonable care under the circumstances, avoided the accident. We find no clear error in his determination. The record shows that Zander was in a very well lighted area, and had an unobstructed view of the plaintiff as he crossed the westbound lane. When the plaintiff stepped an estimated two feet into Zander's lane of travel and raised his hands in an attempt to stop her, she failed or was otherwise unprepared to take evasive action to avoid striking the plaintiff, despite the presence of a paved shoulder on which to turn. We find that the plaintiff presented sufficient proof of the defendant's negligence to establish a prima facie case, and that there was no error by the trial court in confirming the default judgment.
GRANT OF PARTIAL NEW TRIAL AND ENTERING JUDGMENT FOR PLAINTIFF AFTER THE PARTIAL NEW TRIAL
The defendant contends that the trial court erred in failing to grant a new trial on all issues as to all parties. In particular, she asserts that a new trial should have been granted on the issue of the liability of Zander.
LSA-C.C.P. Arts. 1971-1973 provides the following with respect to the grant of new trial:
"Art. 1971. Granting of new trial
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
Art. 1972. Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814.
Art. 1973. Discretionary grounds
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
In the instant case, no peremptory grounds for the grant of a new trial existed. At the hearing on the motion for new trial, the defendant was unable to make a showing that the judgment with regard to the liability of Zander was clearly contrary to the law and the evidence. Likewise, there was no showing that newly discovered evidence had become available. The trial court's refusal to grant a new trial on the issue of the liability of Zander was not clear error.
Further, the defendant argues that the evidence adduced at the partial new trial, and in particular the testimony of Zander, makes manifest the trial court's error in refusing to grant a new trial as to all defendants and on all issues. Defendant also urges that this evidence likewise demonstrates the clear error of the trial court in entering judgment for the plaintiff following the partial new trial.
For the reasons which follow, we conclude that the testimony of Zander on partial new trial cannot be considered in determining these issues.
The new trial was granted on the issues of insurance coverage and quantum. At the outset of the partial new trial, State Farm was dismissed from the suit. Thus, the only issue before the court on partial new trial was quantum. Counsel for the plaintiff timely objected to the introduction of any and all testimony regarding the accident itself and in particular to any testimony of Zander on the circumstances surrounding the accident. The trial court allowed *17 the testimony of Zander over objection. The record does not make clear whether the trial court allowed this evidence over objection or whether it was allowed only under a proffer of proof. However, in any event, such evidence was clearly irrelevant to the only issue to be re-tried, i.e., the amount of damages suffered by the plaintiff. Therefore, this evidence is clearly inadmissible as demonstrating error in the trial court's entry of judgment for plaintiff, on confirmation of default, and was inadmissible as showing error in failing to grant a new trial to all parties, as such evidence is not shown to be newly discovered.
Finally, appellant urges in brief that the trial court erred in denying Ms. Zander a new trial on the ground that the confirmation of the default judgment by the plaintiff's attorney without notice to the defendant deprived the defendant of the opportunity to defend the suit. Appellant relies on the recent case of Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). In that case, the defendant, Sheffield, brought a suit to annul a default judgment confirmed against him. The suit which resulted in the default judgment was a suit on open account. After filing the suit, the attorney for the plaintiff, Kem Search, granted Sheffield additional time in which to file pleadings. Following some negotiations between the parties concerning possible offset defenses available to the defendant, the attorney for Kem Search entered a preliminary default, and later confirmed it, without giving notice to the defendant, Sheffield. The Supreme Court held that Sheffield reasonably believed that no default would be taken without prior notice to him, and that he was entitled to have the default judgment annulled. Interpreting LSA-C. C.P. Art. 2004, the court stated:
"... Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable." (citations omitted)
In the instant case, the defendant did not bring a suit to annul the default judgment, but rather filed a motion for new trial. However, we feel that a party who moves for a new trial, and who properly alleges and proves fraud or ill practices, may be entitled to a new trial on that ground. LSA-C.C.P. Art. 1973, supra.
The defendant herein has failed to allege or prove his entitlement to a new trial on the ground that the default judgment was obtained by fraud or ill practices. In particular, the defendant has failed to properly plead fraud or ill practices in seeking a new trial. When pleading fraud or mistake, the circumstances constituting fraud or mistake must be alleged with particularity. LSA-C.C.P. Art. 856. A petition seeking to annul a judgment on the ground of fraud or ill practices must clearly allege facts from which such elements may be unmistakably concluded in order to state a cause of action. Small v. Wabnig, 305 So.2d 710 (La.App. 4th Cir.1974), writ not considered, 308 So.2d 285 (La.1975). The only ground stated in the defendant's motion for new trial is that the default judgment is contrary to the law and evidence. We hold that the defendant's failure to allege any circumstances constituting fraud or ill practices in the motion for new trial precludes any relief based on that ground.
We further observe that, even had the defendant properly alleged fraud or ill practices, such allegations were not proven at the hearing on the motion for new trial. The defendant asserts that communications between the plaintiff's attorney and State Farm's claims agent, Joseph Anding, led Anding to reasonably believe that no default would be taken without notice. However, Anding's own testimony fails to establish any facts which would show that he was misled. The following excerpt is taken from Anding's testimony on cross examination by counsel for the plaintiff:

"Q. Well, all right. Isn't this true, at that time I told you that your offer was *18 not acceptable? Perhaps not in the same words I'm telling you right now?

A. Well, like I say, I can't tell you exactly what your words were Gaynor, but my feeling when we got through with that conversation was that I was not in any jeopardy about getting some authority.
Q. That was your feeling perhaps, but didn't I tell you at that time, your offer is way out of the ball park ... or something to that effect ... and that you should go ahead and file your responsive pleadings? I said, you know, negotiations at an end, in effect?
A. I don't recall that. I'm sorry.
Q. It's not that you deny I said this in my conversation, you just can't recall?
A. I can't deny, but I can't confirm."
While Anding's testimony shows that he had a subjective belief that the plaintiff would not take a default judgment, he fails to show that his belief was reasonable. Under these circumstances, the defendant has failed to show any entitlement to a new trial on the ground that the default judgment was obtained by fraud or ill practices. There was no error in the trial court's refusal to grant a new trial.

QUANTUM
The trial court awarded the plaintiff $26,000.00 in general damages and $4,794.00 in special damages. The defendant contends that the general damage award is excessive.
The plaintiff suffered a severe fracture of the left leg in the accident. He was hospitalized in Opelousas General Hospital for a period of eleven days. The plaintiff was required to wear a long leg cast from May 11 until September 2, 1980. Thereafter, he wore a short leg cast until October 21, 1980. Dr. R. Luke Bordelon, the treating physician, stated that the plaintiff's condition was rather painful, and required the administration of pain medication. Dr. Bordelon found a ¾ inch shortening of the left leg, which resulted in a limp, and assigned a 15% permanent physical impairment of the leg. In addition to the more severe injury to his leg, the plaintiff suffered various abrasions and contusions about the body as a result of the accident.
In assessing damages, much discretion is left to the trier of fact and an award may be disturbed by an appellate court only where the record clearly reveals that the trier of fact abused this discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). In light of the long recuperative period and the permanent physical impairment of the plaintiff's leg, we find no abuse of the trial court's much discretion in the $26,000.00 general damage award.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to defendant-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs in the result. I am not prepared to admit that Baumgartner applies to other than crosswalk situations.