460 So.2d 91 (1984)
AMERICAN BANK & TRUST COMPANY OF LAFAYETTE, Plaintiff-Appellee,
v.
HUVAL FINANCIAL SERVICES, William R. Huval, George Huval, Fred Huval, Paul Huval, Roderick Roy, Tommy D. Kershaw and T.G. Welch, Defendants-Appellants.
No. 83-1077.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*92 Newman, Thibodeaux & Marshall, H. Gayle Marshall, Lake Charles, for defendants-appellants.
Gordon, Arata, McCollam & Stuart, G. Tim Alexander, III, Lafayette, for plaintiff-appellee.
Tommy Rutledge, De Quincy, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
KNOLL, Judge.
Tommy D. Kershaw appeals a default judgment rendered against him and in favor of American Bank and Trust Company of Lafayette (hereafter American Bank) in the amount of $200,000 plus interest and attorney's fees. Kershaw assigns as error that the trial court erred in granting the default judgment when an answer had been filed. The issue raised by the assignment is whether a default judgment is invalid when answer to the petition is filed on the same day of the confirmation of the default, but after the default is confirmed. We affirm, finding Kershaw's answer has no legal effect since it was filed after confirmation of the default judgment.
The facts are undisputed. American Bank sued Huval Financial Services, Inc. and its six guarantors on July 7, 1983, for payment on a past due promissory note. After the note became past due, four of the guarantors filed bankruptcy proceedings and default judgments were entered against Tommy Kershaw and Paul Huval in separate proceedings. The default judgment against Kershaw forms the basis of this appeal.
Personal service was made on Kershaw on or about August 29, 1983. Since Kershaw did not file an answer after the legal delays elapsed, American Bank entered a preliminary default on September 16, 1983. The trial court confirmed the preliminary default on September 23, 1983, at 10:51 a.m.; Kershaw filed his answer at 12:07 p.m. on the same day.
*93 The case at hand presents a question of law: does an answer filed on the same day but after the confirmation of a preliminary default set aside a default judgment? We find LSA-C.C.P. Art. 1002, set forth below, controlling:

"Notwithstanding the provisions of Article 1001, the defendant may file his answer at any time prior to confirmation of a default judgment against him." (Emphasis added.)

Further, the jurisprudence is consistent with our view. It is absolutely essential that an answer be filed before confirmation of the default in order to set aside and render invalid a default judgment. American Bank & Trust Co. v. Marbane Investments, Inc., 337 So.2d 1209 (La.App. 3rd Cir.1976). An answer filed after entry of a default judgment is of no consequence and has no legal effect whatsoever. Aswell v. U.S. Fidelity & Guaranty Co., 244 So.2d 243 (La.App. 3rd Cir.1971).
The confirmation of a default judgment must be made by admissible and competent evidence sufficient to prove all essential allegations of the petition with legal certainty, as fully as though each allegation was specifically denied by the defendant. Perrodin v. Zander, 441 So.2d 12 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 120 (La.1984); Weaver v. Weaver, 438 So.2d 1149 (La.App. 1st Cir.1983); Ducharme v. Guidry, 392 So.2d 755 (La.App. 3rd Cir.1980). It is settled that a pleading is not "filed in an action" until it has been delivered to the clerk for that purpose; therefore, a party obliged to file a pleading within a time limitation must insure actual delivery, since it is the time when the clerk receives actual delivery of the pleading that is determinative of whether a pleading has been timely filed. Squatrito v. Barnett, 338 So.2d 975 (La.App. 4th Cir.1976).
In the present case, the evidence supports sufficient proof of the allegations set forth in the petition; pertinent are the promissory note, the unlimited continuing guaranty signed by Kershaw, and the affidavit of correctness. The record further shows that the note is past due, that Kershaw received personal service, and that a preliminary default judgment was entered against Kershaw.
Kershaw argues that the record reflects he filed an answer prior to confirmation of the default judgment. We have carefully reviewed the record and it is clear that Kershaw's answer was filed after confirmation of the default judgment.
Kershaw further contends that his answer was filed timely because he mailed it to counsel for American Bank before September 23, 1983, as shown on the certificate of service dated September 22, 1983, attached to the answer. A certificate of service upon opposing counsel is not considered a timely filing. Squatrito, supra.
For the foregoing reasons, we find the default judgment was properly entered, therefore, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant, Tommy D. Kershaw.
AFFIRMED.