506 So.2d 225 (1987)
Nancy Ruth Cowan DUFFY
v.
George Edward DUFFY.
No. 86-CA-770.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
*226 Herman M. Schroeder, New Orleans, for plaintiff/appellee.
Trudy H. Oppenheim, New Orleans, for defendant/appellant.
Before GAUDIN, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit to partition community property relative to the community formerly existing between Nancy Ruth Cowan (Cowan) and George Edward Duffy (Duffy). Cross-appeals have been taken from the judgment of partition. We dismiss.
Cowan's counsel has raised as a specification of error this court's lack of jurisdiction. Since we conclude that this specification has merit for the reasons stated below, we pretermit discussion of the remaining specifications of error.[1]
The record in this case reflects that the matter was heard December 5, 1986 and that the judgment of partition was signed on January 8, 1986. The clerk's certificate of "Notice of Judgment" was certified as being mailed to all counsel on that date.
The delay for applying for a new trial is governed by L.S.A.-C.C.P. Articles 1974 and 1913 which provide that the delay commences to run on the day after the mailing of the notice of judgment. Moreover, the "delay for applying for a new trial shall be seven days, exclusive of legal holidays. L.S.A.-C.C.P. Article 1974.
On January 22, 1986 Duffy filed a motion for a new trial. His motion was untimely.[2] L.S.A.-C.C.P. Articles 1913 and *227 1974. Therefore, his application for a new trial was without legal effect.[3]See Howard v. Hercules Gallion Co., 417 So.2d 508 (La.App. 1st Cir.1982). Accordingly, the trial court did not have jurisdiction to grant Duffy's motion or to modify its judgment pursuant to that motion. Mitchell v. Louisiana Power and Light Co., 380 So.2d 743 (La.App. 4th Cir.1980). Thus, the amended judgment rendered on July 29, 1986 is invalid.
Since the trial court could not grant a new trial in order to modify the substance of its January 8, 1986 judgment, it is only the initial judgment which is appealable.[4] However, Duffy's motion for appeal which was filed on September 23, 1986 is also untimely pursuant to L.S.A.-C.C.P. Article 2087 which provides in pertinent part that:
[e]xcept as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.
Since Duffy failed to timely file for an appeal, we lack jurisdiction to hear the appeal. Powell v. Ferguson, 412 So.2d 1162 (La.App. 3rd Cir.1982).
Accordingly, for the reasons stated, we dismiss the appeal and cross-appeal for lack of jurisdiction.
DISMISSED.
NOTES
[1] Cowan alternatively specifies the following errors:

1. That the trial court erred in requiring Duffy to pay rent on the premises from April 1980 through the present:
(2)(a) Duffy contends that no rent should be due.
(2)(b) Cowan contends that rent should be due from 1977 forward.
2. The court erred in giving Duffy credit for all amounts paid on the mortgage.
3. The court erred in giving Duffy credit for alleged expenses, inasmuch as these expenses were not sufficiently substantiated.
Duffy specifies these errors:
1. The court erred in awarding Cowan rent for the occupancy of the former matrimonial domicile by her ex-husband and co-owner.
2. The court erred in holding that R.S. 9:308B was not retroactive.
3. The court erred in failing to include property admitted by the wife to be in her possession in its partitioning the community.
4. The court erred in not partitioning the community in accordance with L.S.A.-R.S. 9:2801.
[2] Duffy contends that his motion for a partial new trial was mailed on January 16, 1986 and was therefore timely. In support of his assertion that the motion was timely he cites Uniform RulesCourts of Appeal Rule 2-13 which provides that filing is timely when mailed "on or before the due date." However, Rule 2-13 only applies to appellate procedure and not trial procedure. Uniform RulesCourts of Appeal Rule 1-2.

L.S.A.-C.C.P. Art. 253 provides that "all pleadings or documents to be filed in an action or proceeding instituted or pending in a court ... shall be delievered to the clerk of the court for such purpose." Furthermore, we recently held in ruling on a prescription issue that "[a]ctual delivery must be made to the Clerk of Court and no provision is made for deposit with the U.S. Post Office." Pelt v. Guardsmark, 451 So.2d 621, 625 (La.App. 5th Cir.1984).
Similarly, our brothers in the Fourth Circuit in addressing whether a motion for a new trial was timely filed held that "a party within a time limitation must insure actual delivery, since it is the time when the clerk receives actual delivery of the pleading which determines whether that pleading has been timely filed." [Emphasis supplied] Squatrito v. Barnett, 338 So.2d 975 (La. App. 4th Cir.1976) at 977. See also American Bank & Trust Company of Lafayette v. Huval Financial Services, 460 So.2d 91 (La.App. 3rd Cir.1984).
[3] Although Duffy's counsel cites Rodrigue v. Ziifle, 288 So.2d 630 (La.1974) for the proposition that a case may be remanded to the district court even when a motion for a new trial is untimely, a careful reading of Rodrigue indicates that the matter was remanded on another issue; namely, a pending motion for summary judgment in the nullity action. Therefore counsel's argument is misplaced.
[4] We note that Duffy's assertion that Cowan's failure to plead prescription or peremption bars this court from considering the untimeliness of Duffy's pleadings is inapplicable to the instant case since the trial court had no authority to grant a new trial when it was untimely filed. Rodrigue, supra.