GOTHARD, Judge.
Defendant-appellant, Patrick Naquin, appeals two judgments of the district court, one for a partition of community property and one for an increase in child support. Each judgment shall be addressed individually below.
Mr. and Mrs. Naquin were married on April 28, 1979, of which marriage two children were born. Mrs. Naquin filed a petition for separation on September 3, 1987; Mr. Naquin filed a reconventional demand shortly thereafter. In January, 1988, a consent judgment on child support and alimony pendente lite was reached and signed by the trial court. On August 9,1988, Mrs. Naquin filed a supplemental answer to the reconventional demand, praying for a divorce based on living separate and apart for over one year.
On September 2, 1988, Mrs. Naquin filed a suit to increase child support, a rule for contempt for non-payment of expenses, and a petition for partition of community property. In February, 1989, a judgment of divorce based on living separate and apart was granted, which did not address the question of child support, but in which both parties waived the right to permanent alimony. At some point prior to the trial on the merits, it appears that the parties submitted to a conference with a hearing officer in accordance with Rule XIII, Domestic Relations Sections Rules, Rules of the Twenty-fourth Judicial District Court. There is nothing in the record on appeal relative to the hearing itself, neither information on the actual date, nor a copy of the domestic relations order. Both parties and the trial court referred to the hearing and certain findings of the Officer at the trial on the merits. Additionally, both parties admit in brief that such hearing did take place. Trial on the merits of the contempt *1077 hearing, child support, and partition was held on January 22, 1990.
On February 14, 1990, the trial court issued three separate judgments on the motions. On April 12, 1990, Mr. Naquin filed a petition to appeal the judgments of February 14th. On April 30, 1990, the district court signed an “Appendix to Judgment: Domestic Relations Order.” The evolution of the latter order is also not a matter of record.
COMMUNITY PROPERTY PARTITION JUDGMENT
On appeal, Mr. Naquin alleges error in the determination of the trial court of the community interest in his employee stock option plan and the savings plan benefit; he further questions the date chosen by the trial court in the “Appendix”, April 30, 1990, as the date from which to determine the account balances. Finally, with reference to the partition, he claims that the trial court erred in failing to specifically list the values of the community debts assigned to him.
At the outset, we note- that the “Appendix” to the judgment itself was signed 18 days after the judgment was appealed. LSA-C.C.P. art. 2088 provides in pertinent part:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal....”
The “appendix” purports to determine valuations in the various benefit plans which were partitioned in the February 14th judgment, matters clearly reviewable under the appeal. As such, the trial court was without jurisdiction under C.C.P. art. 2088 to issue the “appendix”, which, therefore, is null and void. Additionally, it is void since it results in a change in the substance of the judgment, in violation of LSA-C.C.P. art. 1951,[1] and was not made pursuant to the granting of a new trial. The appendix and matters designated therein are without effect, and so we address the judgments of February 14th.
The February 14th judgment on the partition contains the following pertinent language:
“Considering the pleadings filed herein, the testimony of the witnesses, and the evidence introduced, the Court finds that the community of acquets and gains between Sandra Parson Naquin and Patrick Anthony Naquin terminated on August 9, 1988....
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sandra Parson Naquin be, and is hereby, partitioned an interest in Patrick Anthony Naquin’s Retirement Benefits with South Central Bell in accordance with the Sims formula, Sandra Parson Naquin’s interest to be computed as follows:
111.5 X '/⅞ = %; X = the total months Patrick - Anthony Naquin is in the
X Retirement Plan at the time he begins to draw his benefits
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the balance of Patrick Anthony Naquin’s interest in his South Central Bell Retirement Benefit be, and is hereby, partitioned to him.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sandra Parson Naquin and Patrick Anthony Na-quin be, and they are hereby, partitioned a one-half interest each in Patrick A. Naquin Employee Stock Ownership Plan with South Central Bell.
*1078 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sandra Parson Naquin and Patrick Anthony Na-quin be, and they are hereby, partitioned a one-half interest each in Patrick Anthony Naquin’s Savings Plan Benefits with South Central Bell.”
LSA-C.C. art. 159 provides in pertinent part:
“If a community property regime exists on the date of filing of the original petition in the action in which the judgment of divorce is rendered, the judgment of divorce carries with it the dissolution of the community, which dissolution is retroactive to the date on which the original petition in the action was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorney fees and costs incurred by a spouse in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and recordation of the judgment.”
Jurisprudence interpreting this article has held that dissolution of the community is retroactive to the date that the petition for divorce is filed, when the divorce is based on the grounds asserted in that petition. See Lambert v. Lambert, 480 So.2d 784 (La.App. 3 Cir.1985), wherein the community was terminated as of the date the successful supplemental petition for divorce, based on living separate and apart, was filed in an original action for a fault-based divorce; also Gray v. Gray, 463 So.2d 14 (La.App. 5 Cir.1985). In the present case, therefore, the trial court correctly found that the community terminated on August 9,1988, the date Mrs. Naquin filed her petition for divorce based on living separate and apart.
Community property comprises (in part) property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse. LSA-C.C. art. 2338. Separate property comprises (in part) property acquired by a spouse prior to the establishment of the community. LSA-C.C. art. 2341. The legal regime of community property terminates by death of a spouse, separation of property, or a judgment of either separation from bed and board or divorce. LSA-C.C. art. 2356.
The parties stipulated at trial that Mr. Naquin’s pension would be partitioned in accordance with the formula enunciated by the Supreme Court in Sims v. Sims, 358 So.2d 919 (La.1978). According to that case, the formula is as follows:
Portion of pension attributable to creditable service during
existence of community x ½ x annuity (or
lump-sum
Pension attributable to total payment)
creditable service (still not determined)
It, therefore, appears that the judgment should be amended simply to reflect the formula in its entirety, that is:
“111.5 X Va X annuity or lump sum
X (months of Mr. Naquin’s participation in the retirement at the time benefits are drawn)”
With regard to the stock option plan, it was stipulated at trial that Mr. Naquin had 65 shares in the Plan. It was also agreed that the amount in the savings plan was $5,721.00. Although Mr. Naquin argues on appeal that the trial court did not establish his employment date, we find that under LSA-C.C. art. 2340,[2] he had the burden of proving what portion of these plans were community and which portions separate. He did not offer evidence at the trial on this issue; rather, he answered affirmatively when asked by the trial court whether he agreed with the figures. We find, therefore, that the stipulated figures represent the community interest in both plans.
The judgment, as finally written and signed, is ambiguous, however, since by its wording it appears to give Mrs. Naquin a one-half interest in the entire stock option and in the entire savings benefit plan. We, therefore, amend the judgment to reflect that Mrs. Naquin is entitled to a one-half *1079 interest in 65 shares of Mr. Naquin’s stock option plan; and a one-half interest in $5,721.00 of Mr. Naquin’s savings benefit plan.
Finally, with reference to the partition, it is clear that the parties also stipulated at trial to the amounts owed by the community in various credit accounts; the written judgment does not reflect those specified amounts, as partitioned to Mr. Naquin, and, for purposes of clarity, we amend the judgment to reflect those stipulated debts as follows:
Spiegel, Account No. 52-053F868-9 $1,140.00
VISA, Account No. 4 0607 2483 4825 3,465.00
Macy’s, Account No. 63 405 31 173 600.00
South Central Bell Credit Union 2,390.00
Security Homestead 2,108.00
Since no other aspects of the judgment for partition of community property have been appealed, the remainder of that judgment is affirmed.
CHILD SUPPORT JUDGMENT
Mr. Naquin also appeals the February 14, 1990 judgment increasing his child support obligations. The appeal was taken, as previously stated, on April 12, 1990.
LSA-C.C.P. art. 3943 states:
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
LSA-C.C.P. art. 3942(A) gives the following directives with reference to appeal delays:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).”
LSA-C.C.P. art. 2087(A)(l)-(3), in turn, holds that the applicable dates referred to in C.C.P. art. 3942 are as follows:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
In the present case, no application for a new trial was made. LSA-C.C.P. art. 1974 is applicable:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Here, notice of judgment was mailed by the clerk on February 14th. Applying the above codal articles, Mr. Naquin had until February 23rd to apply for a new trial and until March 26,1990, to file his appeal from the judgment increasing child support. Because the.appeal was not filed until April 12th, the appeal is untimely. When an appeal is untimely, the appellate court lacks jurisdiction to hear it. Duffy v. Duffy, 506 So.2d 225 (La.App. 5 Cir.1987); Powell v. Ferguson, 412 So.2d 1162 (La.App. 3 Cir.1982). Accordingly, the appeal on the judgment increasing child support is dismissed.
For the foregoing reasons, the judgment of partition of community property is amended as delineated above, and, as amended, affirmed. The appeal of the judgment increasing child support is dismissed. Each party is cast his own costs of appeal.
PARTITION JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED; AP *1080 PEAL OF JUDGMENT OF CHILD SUPPORT DISMISSED.

. LSA-C.C.P. art. 1951 reads as follows:
Amendment of Judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.

. LSA-C.C. art. 2340 reads as follows:
Presumption of community
Things in the possession of a spouse during the existence of a regime of community of ac-quets and gains are presumed to be community, but either spouse may prove that they are separate property.