Irvin C. Massett has applied to us for supervisory writs following a judgment of the First City Court of the City of New Orleans setting aside a default judgment in favor of plaintiff and granting the defend *1200 ant a new trial. The applicant complains that the motion for a new trial was filed too late and the trial court had no authority to grant the untimely motion.
The record shows that on January 6,1981, Massett filed an action for damages and payment of past due rent against Donald P. Landry in the First City Court for the City of New Orleans, and that Landry was served with personal service on January 12, 1981. Landry neither appeared nor answered and Massett obtained a default judgment on January 26, 1981. On January 30, 1981, Landry filed a motion for a new trial. After hearing, the trial judge granted the motion for a new trial rendering the following reasons for judgment.
“Judgment was rendered in this matter on January 26th, 1981. On the same day I received a telephone call from the defendant’s attorney Edward A. Kunz, who stated that the defendant had just dropped off the copy of the Citation and Petition that he had received on January 12th, 1981. Mr. Kunz had stated that his client, the defendant, had been trying to reach him since the notice was served on him. Mr. Kunz stated that he had been out of town during this period of time and was not available.
“The defendant, Donald P. Landry testified that he did in fact make a diligent effort to reach his attorney.
“The Court noted that between the time of service and judgment rendered there were two court holidays, and two weekends.
“While legally the plaintiff had a right to a default judgment, the Court feels that justice would be best served if a new trial were granted due to the circumstances.
“Therefore, it is the judgment of this Court that a new trial be granted.”
We note that under the facts as related, the trial judge in his discretion may have concluded that justice would be served if a new trial were granted. However the reasons for judgment show that on the date of the judgment, January 26, 1981, the attorney for defendant was informed of the judgment, and he did not file a motion for a new trial until January 30, which was one day too late. No reason is set forth by counsel for the defendant why he did not timely file his motion. Code of Civil Procedure Articles 4902 and 4919 provide for a three day delay in cases of this nature. It is the late filing of the motion for a new trial which is at issue here, not the issue of whether the judgment may have been set aside if the motion had been timely filed.
Once the time for filing a motion for a new trial had passed, the trial judge was powerless to grant a new trial. See for example Rodrigue v. Ziifle, 288 So.2d 630 (La.1974); Mitchell v. Louisiana Power & Light Company, 380 So.2d 743 (La.App. 4th Cir. 1980). Accordingly, we issue a peremptory writ of mandamus, ordering the trial judge to vacate his judgment of February 25, 1981 recalling the default judgment of January 26, 1981 and granting a new trial.
Writ of mandamus granted.