LANIER, Judge.
The plaintiff-appellee seeks to dismiss this devolutive appeal from a judgment of the City Court of Baton Rouge on the ground that the appeal was not timely filed.
Plaintiff sued defendant seeking damages for slander in the sum of $2,750.00.[1] The matter came up for trial on August 24, 1982. The defendant did not appear nor did her counsel of record. After the trial, the court rendered judgment in favor of the plaintiff for $1,500.00. Judgment was also read and signed on August 24, 1982. The defendant made no request for notice of judgment. The pertinent dates and facts of this motion to dismiss are as follows:
(1) August 24, 1982 — formal judgment signed and filed;
(2) August 31, 1982 — counsel for appellant filed an application for a new trial;
(3) September 1, 1982 — motion for new trial denied as untimely filed;
(4) September 17, 1982 — -counsel for defendant filed motion for appeal;
(5) September 21, 1982 — order signed granting devolutive appeal.
Pursuant to La.C.C.P. art. 4919, the delay for applying for a new trial shall be three days, exclusive of holidays. If notice of judgment is required, the delay commences the day after the clerk mails or the sheriff serves the notice of judgment.
According to La.C.C.P. art. 4917, notice of judgment must be given in three instances: (1) if the defendant was not served personally and made no appearance in the proceeding; (2) if the case is taken under advisement; or (3) if the court does not sign a judgment at the time and a party makes a request of record for notice of judgment.
The provisions of La.C.C.P. art. 4917 do not apply to the present case because (1) the defendant was personally served and filed an answer; (2) the case was not taken under advisement; and (3) counsel for appellant did not make a request for notice of the judgment.
In the present case, the motion for a new trial was not timely filed. The delay for applying for a new trial began on August 25, 1982, and ended at the end of the day on August 27, 1982. Since the defendant did not file a motion for a new trial until August 31, 1982, that motion was untimely and properly denied. The untimely *257 motion for a new trial had no effect on the delay for appeal. Chauvin v. Matherne, 419 So.2d 1276 (La.App. 1st Cir.1982); Howard v. Hercules-Gallion Co., 417 So.2d 508 (La.App. 1st Cir.1982), writ denied 420 So.2d 984 (La.1982).
An appeal from a judgment rendered by a city court may be taken only within ten days from the date of judgment or from the service of notice of judgment when such notice is necessary. Where an application for new trial is timely filed, the delay commences the day after the motion is denied. La.C.C.P. art. 5003. In the instant case, the delay for appeal began running on August 25, 1982. The last day on which defendant could file an appeal was September 3, 1982. The motion for appeal was not filed until September 17,1982, well after the time for filing an appeal had expired.
For the foregoing reasons, the appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.

. For suits in a city court where the amount in dispute exceeds $500.00, but is $3,000.00 or less, the applicable procedural rules in the trial court are set forth in La.C.C.P. arts. 4911 through 4920. See La.C.C.P. art. 4902.