MOTION TO DISMISS
STOKER, Judge.
The plaintiff-appellee, the First National Bank of Commerce, moves to dismiss the appeal of the defendant-appellants, Leslie G. Seale and Nelda Seale, on the ground that the appeal was not timely filed.
La. C.C.P. Art. 5003 states:
Art. 5003. Delay for appeal
A. An appeal from a judgment rendered by a justice of the peace court, a city court, or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. Where an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
Acts 1979, No. 46, § 1, eff. Jan. 1, 1980.
La. C.C.P. Art. 4917 states:
Art. 4917. Notice of judgment
A. Notice of judgment must be given when:
(1) The defendant was not served personally and made no appearance in the proceedings;
(2) The case has been taken under advisement; or
(3) The case is not taken under advisement but the court does not sign a judgment at the time, and a party makes a request of record for notice.
B. Where the party who is entitled to notice of judgment does not have counsel of record, the notice shall be served by a proper officer upon the party, either personally or at his domicile.
C.Where the party who is entitled to notice of judgment has counsel of record, notice of judgment shall be given by mailing or delivering a copy of the judgment to the counsel of record.
In the instant case, the defendant-appellants filed an answer to plaintiff-appellee’s petition. Therefore, they made a general appearance. Furthermore, it does not appear that the case was taken under advisement. Rather, the judgment was signed in city court on September 5, 1984. Therefore, no notice of judgment to the defendant-appellants was necessary.
That being the case, it was necessary under Art. 5003 for the appeal to be taken within 10 days of the date of the judgment in the city court. Since the 10-day period ended on a weekend, in order to be timely, the appeal would have to be filed no later than September 17, 1984. It appears that this was not done, as the motion for appeal was filed and signed on September 18, 1984. Therefore, the defendant-appellant’s appeal is not timely and must be dismissed. All costs are assessed to the defendant-appellant.
APPEAL DISMISSED.