KLEES, Judge.
The issue presented in this appeal is whether or not the trial judge erred in granting a new trial after the delay period for applying for a new trial had run. We conclude that there was error, reverse and reinstate the original judgment.
On December 17, 1981, plaintiffs, Mr. and Mrs. J. Wallace Johnson, gave defendant, Patrick Horrigan, Sr., a check made payable to Pat Horrigan Bonding Agency for five thousand dollars as a condition of employment for the plaintiffs’ son. Plaintiffs argued that the money was to be returned upon termination of their son’s employment. Defendants contended that the money in question was to guarantee the faithful performance of bail bonds written by the plaintiffs’ son. Furthermore, if any bail bonds were forfeited, said amount would be charged against the deposit. When plaintiffs’ son’s employment had been terminated, they requested that the five thousand dollars be returned. Defendants refused and plaintiffs filed suit on January 25, 1984.
On March 8, 1984, plaintiffs filed interrogatories. Defendants failed to answer the interrogatories, and plaintiffs filed a motion to compel. On September 20, 1984, a judgment on the motion to compel was rendered, giving defendants fifteen days to answer the interrogatories or a judgment by default would be rendered. As defendants had not answered the interrogatories, *1228 within the time period a default judgment was entered against them on November 8, 1984. On November 28, 1984, the trial court set aside the November 8, 1984 judgment. Nonetheless, on that same date, November 28, plaintiffs introduced the required prima facie evidence, and the court rendered a second default judgment in favor of plaintiffs.
On December 6, 1984, defendant filed a rule for new trial which was granted by the trial court. Judgment was rendered in favor of the defendants on February 12, 1985. The matter was then re-tried on May 23, 1985, and judgment was rendered again in favor of defendants on July 12, 1985. This appeal by plaintiffs then followed.
The delay for applying for a new trial is three days; exclusive of holidays, from the date of the signing of the judgment. Where notice of judgment was required, this delay commences to run on the day after the clerk has mailed, or the sheriff had served, the notice of judgment. C.C.P. Art. 4919. Muse v. Douglas, 425 So.2d 255 (La.App. 1st Cir.1982). A notice of judgment was not required to be served because the provision of La.C.C.P. art. 4917 do not apply to the present case. Hence the defendants should have filed their motion for new trial within the three day delay period. Defendants, however, filed their motion for a new trial on December 6, 1984, nine days after the November 28, 1984 signing of the default judgment. Once the time for filing a motion for a new trial had passed, the trial judge was powerless to grant a new trial. Rodrigue v. Ziifle, 288 So.2d 630 (La.1974); Massett v. Landry, 399 So.2d 1199 (La.App. 4th Cir. 1981); Mitchell v. Louisiana Power and Light Co., 380 So.2d 743 (La.App. 4th Cir. 1980); rehearing denied (1980).
For the reasons stated above, thé July 12, 1985 judgment is hereby reversed and the November 28, 1984 judgment is reinstated. All costs to be borne by appellees.
REVERSED AND REINSTATED.