BARRY, Judge.
Ex proprio motu we questioned our jurisdiction over this appeal from the First City Court, Parish of Orleans. Accordingly, we issued an order to show cause why the appeal should not be dismissed as untimely.
La.C.C.P. Art. 5002 provides:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
La.C.C.P. Art. 4905 specifies:
A. Notice of judgment must be given when:
(1) The defendant was not served personally and made no appearance in the proceedings;
(2) The case has been taken under advisement; or
(3) The case is not taken under advisement but the court does not sign a judgment at the time, and a party makes a request of record for notice.
B. When the party who is entitled to notice of judgment does not have counsel of record, the notice shall be served by a proper officer upon the party, either personally or at his domicile.
C. When the party who is entitled to notice of judgment has counsel of record, notice of judgment shall be given by mailing or delivering a copy of the judgment to the counsel of record.
Notice of judgment was not required because (1) appellant filed an answer; (2) the case was not taken under advisement; and (3) counsel for áppellant did not make a request for notice of judgment. Muse v. Douglas, 425 So.2d 255 (La.App. 1st Cir.1982).
Appellant did not apply for a new trial, thus the delay for appealing is ten (10) days from the date of the judgment. First National Bank of Commerce v. Seale, 484 So.2d 146 (La.App. 3rd Cir.1985). Judgment was rendered and signed on December 10, 1986. Since the ten day period ended on a weekend, in order to be timely, the appeal would have to be filed no later than December 22, 1986. The motion was filed December 29, 1986 and was untimely.
APPEAL DISMISSED.